### WHITE v. SPANGLER.

1. **Pleading:** MOTIONS TO STRIKE: OBJECTIONS WAIVED. Where a motion to strike a portion of an answer is confessed; and where a motion to strike an amendment is sustained and defendant pleads over, thus waiving any error in the ruling; and where a motion to strike a second amendment is sustained and defendant fails to except, this court cannot pass upon the correctness of the rulings of the trial court.

2. **Instructions:** NOT SUPPORTED BY EVIDENCE. It was error to direct the jury that they were at liberty, in determining the amount of plaintiff's damages, to consider certain specified matters of which there was no evidence.

3. **Assault and Battery:** EXEMPLARY DAMAGES: PLEADING WARRANTING INSTRUCTION: INSTRUCTION APPROVED. Where the petition alleged that the assault and battery was committed *maliciously*, this was equivalent to saying that it was committed *willfully* and *wantonly*, and, with evidence tending to support the averment, an instruction in regard to plaintiff's right to recover exemplary damages was properly given; and the instruction given by the court, to the effect that exemplary damages may be recovered for a wrongful act, *willfully* or wantonly or maliciously committed, is approved.

*Appeal from Buchanan Circuit Court.*

MONDAY, DECEMBER 21.

PLAINTIFF brought this action to recover damages on account of an assault and battery committed by defendant on him, and on account of certain slanderous words spoken by defendant of and concerning him. There was a verdict and judgment for plaintiff. Defendant appeals.

*Woodward & Cook*, for appellant.

*E. E. Hasner*, for appellee.

REED, J.—I. The alleged slanderous words impute to plaintiff the commission of the crime of adultery. They were,

**1. PLEADING: motions to strike: objections waived.** in effect, that he was living with a woman to whom he was not married, while his lawful wife was still living. Defendant denied that he spoke the words charged in the petition, but admitted the speaking of other words of substantially the same meaning, and he pleaded in mitigation that, before the speaking of said words, a citizen of Winthrop, the town in which plaintiff and defendant resided, had received letters from reputable citizens of a town in the state of New York where plaintiff had formerly lived, in which it was stated that, when he left there, he went away with a woman who was the wife of another man, and that he left his own wife at that place; also from citizens of a town in Illinois where plaintiff had lived, in which it was stated that he was a quack and a liar; and he alleged that the contents of said letters were known to the people of Winthrop, and were matter of public talk on the streets of the town, and that he (defendant) had seen and read the letters, and knew their contents, before the speaking of the words, and that the words were spoken at a time when both he and plaintiff were in a high state of excitement, and that he spoke the same without malice, and without intent to injure the plaintiff. On plaintiff's motion this plea in mitigation was stricken out of the answer. Defendant, thereupon, filed an amendment to his answer, in which the same matter was pleaded in mitigation in a somewhat different form, and in which it was averred that defendant believed the statements contained in said letters to be true when he spoke the words, which averment was not contained in the original answer. This amendment was also stricken from the files on plaintiff's motion. Defendant then filed a second amendment to his answer, in which he alleged that it was currently reported in Winthrop, before the speaking of the words, that plaintiff was living with a woman to whom he was not married, and that he had a lawful wife living at the time, and that defendant believed these reports when he spoke the words. But

these averments were also stricken out by the court. Defend-ant assigns these rulings as error.

In an amended abstract filed by the appellee, it is shown that the first motion to strike was confessed by defendant; also that no exception was taken to the order sustaining the motion to strike out the second amendment to the answer. This abstract is not denied, and it must be taken as true. By confessing the first motion, defendant admitted the insufficiency of that portion of his answer to which the motion was directed. He clearly cannot now be permitted to question the correctness of the ruling sustaining it. And, as he took no exception to the order sustaining the motion to strike out the averments of the second amendment to his answer, it is equally clear that he was not entitled to have that ruling reviewed; and, by pleading over after the court sustained the motion to strike out the first amendment to his answer, he waived any error committed by the court in that ruling. We will therefore not inquire as to the correctness of any of the rulings here complained of.

II. The evidence, without any conflict, showed that defendant committed an assault and battery on plaintiff. It also tended to show that he inflicted considerable injury upon his person. The court properly instructed the jury that plaintiff was entitled to recover on the first count of his petition; that being the count in which a cause of action based on the assault and battery was pleaded. The jury were also instructed as to the matters which they should consider in determining the amount which plaintiff was entitled to recover. as compensation for the injury sustained by him in consequence of the assault and battery. They were told that they were at liberty to take into consideration all damages to plaintiff for loss of time, or inability to attend to his business, resulting from said injury, "if you find there was such." Plaintiff is a physician, and at the time of the injury was engaged in the practice of his profession. It is shown that on the next day after the assault

2. INSTRUC-
TIONS: not
supported by
evidence.

he went to Independence a neighboring town, and was examined with reference to his injuries by another physician. The jury might have inferred from the evidence that his ability to attend to his business was impaired by the injury, although there was no direct evidence of that fact; and there was no evidence that he lost any time in consequence of the injury, unless it can be said that the day on which he went to Independence, to be examined by the other physician, was lost on that account; and there was no evidence of the value of his time. The evidence, then, offered no basis from which his damages on account of loss of time or inability to attend to business could be estimated. The court therefore erred in directing the jury that they were at liberty to consider those matters in determining the amount of plaintiff's damages. It has so frequently been held by this court that it is prejudicial error to submit a material question to the jury for their determination upon which there is no evidence that it cannot be necessary to here cite the cases in which that holding has been made.

III. It is alleged in the petition that the assault and battery was committed maliciously; also that the injuries complained of were inflicted by defendant with his hands and feet. The evidence tended to prove that, when he commenced the assault, defendant had a heavy whip in his hand, and that he struck plaintiff one or more blows with it; also that he struck him with his fist. The court instructed the jury that, if they found that the assault and battery was. committed maliciously, they might assess exemplary damages against the defendant, and that, in determining whether it was committed maliciously, they should, among other circumstances, consider the instrument with which it was committed; also that, if it was committed without just cause, it was malicious; and in another instruction they were told that the exemplary damages, when given, were assessed by way of punishment for a wrongful act willfully or wantonly or maliciously com-

*3. ASSAULT and battery: exemplary damages: pleading warranting instruction: instruction approved.*

mitted. The giving of these instructions is assigned as error. It is insisted that they are erroneous because (1) they are not applicable to the pleadings; and (2) under them the jury was warranted in giving exemplary damages on proof merely that the wrong was committed willfully, whereas such damages can be assessed only in cases where the wrongful act was wantonly or maliciously committed. It is said that the instructions are not applicable to the pleadings, because it was not charged in the petition that any instrument was used by defendant in committing the assault and battery, and there was no averment that the wrong was committed either willfully or wantonly.

We deem it a sufficient answer to this objection to say (1) that defendant could not have been misled by the slight variance between the allegations in the petition and the proof as to the manner in which the assault and battery was committed. The circuit court therefore rightfully disregarded it. "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on its merits." Code, § 2686. And (2) the allegation that the assault and battery was committed maliciously, necessarily implies that it was willfully and wantonly committed. To say that the act was committed with malice is to charge that it was willfully wrong; also that it was committed in disregard of the rights of the one against whom it was committed; and an act so committed is both willful and wanton, in the sense in which these words are used in the instructions.

The other objection is equally without merit. Counsel assume that the word "willfully," as it is used in the instructions, means merely that the act complained of was purposely or intentionally committed; and they contend that, as the injuries inflicted upon plaintiff might have been purposely and intentionally inflicted, and yet defendant not have had any wrong motive or evil intention in inflicting them,—as would

be true if he had acted in self defense,— he is not subject to punishment merely because he did the act " willfully." But this is not the sense in which the word is used in the instruction. In the connection in which it is used, it expresses the thought that the act was committed with a wrong motive, as well as that it was intentionally done. Malice is implied from the doing of an unlawful and injurious act with such a motive. *McCord v. High*, 24 Iowa, 336; *State v. Hessenkamp*, 17 Id., 25; *Reddin v. Gates*, 52 Id., 210.

Error is assigned on the giving of other instructions; but, without setting them out specifically, we deem it sufficient to say that they appear to us to be correct. For the error pointed out in the second paragraph of the opinion, the judgment will be reversed, and the cause remanded for a new trial.

REVERSED.