GEO. R. NEWELL & CO., Appellee, v. MARTIN & WAGNER *et al.*, Appellees, AND FIRST NATIONAL BANK OF ROCK RAPIDS, Garnishee, Appellant.

1. **Partnership Assets:** CONVEYANCE: DEBT OF INDIVIDUAL PART-NER. A conveyance of partnership property in payment in part of the firm indebtedness, and in part of the indebtedness of one of the partners, without the consent of all the partners, is void to the extent of the indebtedness of the individual partner, and may be attacked by a creditor of the firm.

2. ——: ——: APPEAL: ERROR NOT WARRANTING REVERSAL. A judgment will not be reversed in the supreme court because of an erroneous instruction to the jury, when such judgment was demanded under the evidence and other instructions correctly given; even though the verdict of the jury may have been based upon the erroneous instruction.

3. ——: ——: EVIDENCE. In an action involving the validity of a conveyance of the property of a copartnership a member of the firm may be permitted to testify that his signature to such instrument was obtained without his knowledge of the fact that it was intended in part in payment of the private indebtedness of one of his copartners.

4. ——: ——: ——. In such action evidence that such part-ner assented to said conveyance, with full knowledge of its purpose, after the rights of creditors had attached, is incompetent.

*Appeal from Lyon District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, OCTOBER 21, 1890.

ACTION in attachment wherein the First National Bank of Rock Rapids was served with garnishment process, upon the claim that it held property of defendants, or was their debtor. A judgment was rendered against the garnishee after answer denying indebtedness, and a trial upon issues founded thereon. The garnishee appeals.

*E. C. Roach*, for appellant.

*E. Y. Greenleaf*, for appellees.

BECK, J.—I. The undisputed facts of the case, so far as they are involved in the controlling question of law demanding consideration, are these: The defendants Martin & Wagner, mercantile partners, were, as a firm, indebted to the garnishee for the sum of about three thousand dollars, and Martin was indebted to it individually in nearly the same amount. In payment of these debts, the firm transferred by bill of sale, and delivered to the garnishee all its stock in trade, all notes and accounts and furniture in its storehouse, which constituted all the property owned by it. The transfer was made in payment of *bona fide* debts, and there was no intentional fraud connected with it. At the time of the transfer, the firm was insolvent, which was known to the garnishee, through its president. This action was begun the day following the transfer; and the bank, being duly served with garnishment process, answered and pleaded that it had no property of defendants in its possession, and owed it nothing. The jury, under instructions of the court, found for plaintiff. Judgment was entered on the verdict. Under the verdict and judgment, the transfer of property to the garnishee to the extent necessary for the payment of the firm debt to the garnishee was held to be valid, while, as to the transfer in payment of the debt of Martin, it was held to be void.

*Margin note: 1. PARTNERSHIP assets: conveyance: debt of individual partner.*

II.   The district court gave to the jury the following instruction: "If Wagner did not assent nor agree to the making of the bill of sale for the payment of the private debt of Martin, then the garnishee cannot hold the bill of sale for the private debt of Martin.   If the firm of Martin & Wagner, at the time of the making of the bill of sale, was insolvent, and Richards knew it, then the bill of sale was not good for the payment of the individual debt of Martin.   If, at or before the making of the bill of sale, Wagner assented or agreed to the payment of the individual debt of Martin by the bill of sale, then the same is good for the payment of the individual debt of Martin, unless the firm of Martin & Wagner were then insolvent, and Richards then knew it, in which case the bill of sale would not be good for the payment of the Martin debt."   It will be observed that this instruction holds, *first*, that, if Wagner did not assent to the bill of sale for the private debt of Martin, as to that debt it is void; *second*, if the firm was insolvent, and Richards, the president of the bank, knew it, the bill of sale, so far as it provided for the payment of Martin's debt, is void.

The garnishee complains of these instructions.   In our opinion, they are correct expressions of the law. It cannot be doubted that, "if Wagner did not assent nor agree to the making of the bill of sale for the payment of the private debt of Martin," it is void as to that debt, and the garnishee can claim no protection under the bill of sale, so far as it is based upon Martin's individual debt as a consideration.   If, for any reason, Wagner's signature was had to the bill of sale without his assent to the conveyance of firm property for Martin's individual debt, the instrument is without effect, so far as payment of that individual debt is concerned. If its execution by Wagner was procured without such assent, it was an actual fraud, which would avoid the instrument, so far at least, as the property conveyed in payment of Martin's debt was concerned; and the garnishee, under such circumstances, could not claim

under it.  This statement of the law demands no cita-
tion of authorities in its support.

III.  We need not determine the correctness of the
other rule of the instructions as to the effect of the
firm's insolvency, and Richards' knowledge
thereof, for this reason:  The evidence
establishes, without dispute, that Wagner
did not assent to the bill of sale.  He and Martin both
so testify, and neither Richards nor any other witness
gives evidence contradicting them on this point.  Under
the first rule of the instruction the jury were bound,
under this evidence, to find for plaintiffs.  Had they
found otherwise, their verdict would have been set
aside, as in conflict with the evidence.  If the second
rule of the instruction, as to the effect of the insolvency
of the firm, and Richards' knowledge thereof, be errone-
ous, it would not demand a reversal of the judgment,
for the verdict was required by the other rule, under
undisputed evidence.  Even if the jury found their
verdict under the second rule, that would not require it
to be set aside, for it was demanded under the other rule,
and the evidence in the case.  While the verdict may
have been rendered under an erroneous instruction, it
was demanded by a correct one, and the evidence of the
case to which it is applicable

IV.  It is insisted that Wagner ought not to be
permitted to show that he did not assent to the bill of
sale, being precluded from such defense by
the fact that he signed the instrument.  It
may be that if, through negligence or want of attention,
he signed the instrument, and was not induced to do so
by concealment or fraud, he could not be permitted to
deny the validity of the instrument.  But if he was
induced to execute the bill of sale through fraud or con-
cealment, or by any act of the other parties to the
instrument intended to secure his signature when he
was ignorant of the effect of the instrument as to the
conveyance of property in payment of Martin's debt, it
is void, so far certainly as to the property conveyed for

that purpose. The evidence showing that Wagner did not know of, nor consent to, the payment of Martin's debt, a fact which was kept from him by the other parties, was rightly received in evidence against the garnishee's objection.

V. Evidence was rejected tending to show that Wagner assented to the bill of sale, after it was executed. But it does not appear that this 4. THE same. was before the rights of the creditors had attached. But it cannot be held that Wagner at any time after this proceeding was commenced could have consented to the bill of sale, so as to cut off the rights of the creditors to the part paid out of the partnership property. The evidence was rightly rejected.

This discussion covers and disposes of all questions in the case. The judgment of the district court is AFFIRMED.