84 | 120
93 | 668

A. C. PHELPS, Appellant, v. J. WALKEY *et al.*, Appellees.

1. **Practice in Supreme Court:** CONFLICT OF EVIDENCE. Where the evidence in a cause is conflicting the supreme court will not disturb the verdict of a jury, unless there is such an absence of evidence in support of it as to authorize the conclusion that the verdict is the result of passion or prejudice.

2. ————: ERROR WITHOUT PREJUDICE. A case will not be reversed in the supreme court because of an erroneous instruction to the jury, where it appears that the error was without prejudice to the appellant.

3. **Depositions:** COMMISSION SENT TO WITNESS. The fact that a commission for taking a deposition was sent to the witness whose testimony was to be taken, and by him delivered to the proper officer, is not sufficient ground for suppressing a deposition where no prejudice is shown.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, DECEMBER 17, 1891.

ACTION upon a promissory note. There was a judgment on a verdict for the defendants. The plaintiff appeals.—*Affirmed.*

*T. B. Swan* and *Willard & Willard,* for appellant.

*John W. Scott,* for appellees.

BECK, C. J.—I. The defendant Spry alleges that he is a surety on the note, and, as a defense, avers in his answer that the plaintiff extended the time upon the note in consideration of money paid him by the principal in the note, who also paid to the plaintiff usurious interest thereon. The plaintiff in reply denies the allegation of the answer, and sets up that the surety, after the alleged extension, received from the principal two promissory notes to indemnify him against liability on the notes in suit, and thereafter admitted his liability and requested the plaintiff not to commence suit until the notes given as indemnity should fall due. With this request the plaintiff complied, and the defendant promised to pay the notes in suit.

II. It is first insisted that the contract for the extension of time on the notes is not found on a sufficient preponderance of evidence, and, therefore, the verdict is contrary to the evidence. If we were to assume that on this point there is not, in our judgment, a preponderance of evidence, this would not authorize us to set aside the verdict. The jury are charged with the duty of weighing the evidence and determining on which side is the preponderance. We cannot interfere unless there be such absence of evidence as to authorize the conclusion that the verdict is the result of passion or prejudice. There was no such condition of proof.

*1. PRACTICE in supreme court: conflict of evidence.*

III. The court directed the jury that the fact that the defendant Spry received the notes from the

2. ——: error
without prej-
udice.

principal through the plaintiff, as indem-
nity, is immaterial, except as it may throw
light upon the question of the extension
of time. We think the instruction ought not to have
been given, as there was absolutely no evidence tending
to show that the notes were of one cent in value, and
that they afforded any indemnity whatever to the
defendant. There was evidence to the contrary. It is
obvious that the notes would not be indemnity unless
they were of some value, and, therefore, that the mere
passing over to the defendant of notes not shown to
possess some value would not be indemnity. Therefore,
if taking indemnity from his principal would make the
defendant liable after an extension of time given by the
plaintiff the evidence fails to show that there was in
fact any indemnity received by the defendant. If the
instruction had not been given the verdict could not
have been different. It is, therefore, error without
prejudice.

IV. A commission to take the deposition of a
witness was sent to such witness, and he delivered it to

3. DEPOSITIONS:
commission
sent to wit-
ness.

the proper officer, who took the deposition,
and made proper return thereof. A motion
to suppress the deposition, on the ground
that the commission was sent to the witness, was rightly
overruled. No prejudice is alleged or shown to have
arisen by sending the commission to the witness, and
we are unable to discover any ground for excluding the
deposition.

This discussion disposes of all questions in the
case. The judgment of the district court is AFFIRMED.

---

84  122
92  115
84  122
    564

84  122
107  375

84  122
f108  464

84  122
133  176

84  122
137  394