## CATHERINE NEGLEY v. C. C. COWELL, Appellant.

**Damages in Willful Trespass** in cultivating the land of another
6   are the fair market value of the crop. *Kiernan v. Heaton*, 69 Iowa, 136, 28 N. W. Rep. 478, *followed; Murphy v. Railway*, 55 Iowa, 473, 8 N. W. Rep. 32, *approved*.

1   **Pleading and Proof: Instructions.** Where a substituted petition does not allege damage to pasturage, and no evidence is intro-
2   duced on that item, an instruction submitting it to the jury is erro-
3   neous, where such item may affect the amount of recovery. *Newell*
5   *v. Martin*, 81 Iowa, 238, 46 N. W. Rep. 1120, *distinguished*.

SAME: EVIDENCE. Introducing the original petition which does contain an
4   allegation claiming damage to pasturage is no proof of such damage.

*Appeal from Franklin District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, MAY 21, 1894.

THE plaintiff is the owner of a section of land in Franklin county, and she is a resident of Pennsylvania. The land, in whole or in part, was occupied and used by the defendant for the years 1884, 1885, 1886, and 1887; and the averments of the petition are that the occupancy was a willful trespass; and this action is to recover the damage therefor. The answer is a denial and pleads matter of defense and in mitigation. The cause was tried to a jury, that returned a verdict for the plaintiff, and from a judgment thereon the defendant appealed.—*Reversed.*

*J. W. Luke* and *Taylor & Evans* for appellant.

*E. P. Andrews* for appellee.

GRANGER, C. J.—I. The issues formed, upon which the trial was finally had, were upon a substituted petition, in which there was an averment of damage for trespass in the use of a pasture. Under an order of the court for a more specific statement, the petition was amended so as to specify the damages for each of the years, and for what the damage is claimed; and it is a matter of much doubt whether, under the petition as amended, the issues involved a claim for damage on account of pasturage. Appellant urges that the issues present no such a claim, and the appellee urges that they do. The substituted petition, which supplants all prior pleadings of plaintiff, claims, in the aggregate, damages in the sum of three thousand dollars. The amendment, which itemizes the damages for each of the four years, and gives the aggregate damages for each year, makes no claim whatever for pasturage, and it presents a total aggregate of just the amount claimed in the substituted petition; and it

seems quite manifest that by the amendment it was intended to make specification of the particulars for which damage was claimed. We think the effect of the amendment was to eliminate from the issues the claim for pasturage. The court, however, in its statement of the issues to the jury, presented, as an item of plaintiff's claim, one for pasturage. In its instructions on the measure of damage, the court said to the jury that, if plaintiff should recover, her damage would be the fair market value of the crop and hay, "and the fair and reasonable value of the pasture land actually used and occupied by him during said time." Appellant claims that the presentation of the issue to the jury is prejudicial error, both on the ground that there is no such issue in the pleadings, and because there is no evidence whatever on which to base the instruction. We do not see how to avoid the conclusion. If, by any construction of the pleadings, the issue could be preserved, the conclusion must be the same, because there is no evidence whatever to justify the instruction as to damage. The only evidence claimed by appellee on that subject is the putting in evidence of the original petition, in which there was a claim for such damage. But such evidence would in no sense tend to prove the fact of such an occupancy or use. It was only plaintiff's averment of facts, to be established by proofs. The pleadings were put in evidence by the defendant, and the record shows that the purpose of their use was to show that the issues being tried were the same as other issues that might affect this case. It was not an attempt to prove the admissions of the opposite party from the record.

It is contended by appellee that the instruction is without prejudice, or is not reversible error. It is not a case in which there was an instruction as to some in-

cidental fact, as to which there was no evidence, where it appears that without the instruction the result could not have been different.  The complaint here is as to an independent item of recovery, and one of considerable importance.  It is surely a material question. In *Whitsett v. Railway Co.*, 67 Iowa, 150, 25 N. W. Rep. 104, it is said, "This court has often held that it is error to submit a material question of fact to the jury on which there is no evidence."  In the same case it is said: "It is equally erroneous to submit a question which is not presented by the pleadings."  See cases there cited.  See, also, *White v. Spangler*, 68 Iowa, 222, 26 N. W. Rep. 85, and *Johnson v. Miller*, 69 Iowa, 562, 29 N. W. Rep. 743.  This court has made an exception to this rule in cases where the jury, "upon the undisputed facts, could have found no other verdict than that they did find." *Land Co. v. Hillis*, 76 Iowa, 246, 41 N. W. Rep. 6; *Phelps v. Walkey*, 50 N. W. Rep. 560.  It can not be said, in this case, that the jury could not have found a different verdict, had the instruction complained of not been given.  A very considerable portion of the section of land was not used for crops or hay, and from the fact that the court, upon the question of damage, gave precisely the same instruction as to pasturage that it did as to hay and crops, the jury must have understood that, if there was a basis for recovery for one, there might have been for the other, or, at best, that there was evidence on which a recovery could be based.  Even though we might find that the evidence warranted a recovery for the amount of the verdict, from the proofs as to other items of damage, still we can not say, in view of the record, that the jury could not have done otherwise under the instructions as given.  The instructions certainly authorized a finding of damage for pasturage.  If the instruction was directed to a material fact, upon which the

general verdict would depend, the case might be quite different, for it might then appear that it had support from undisputed facts, as in *Newell v. Martin*, 81 Iowa, 238, 46 N. W. Rep. 1120. But in this case, the recovery might have been greater or less than the amount returned, and the discretion of the jury would have been controlled, and hence it can not be said what particular items were allowed by the jury in its estimate.

II. Upon the measure of damage, the court instructed that plaintiff was entitled to the fair market value of the crops and hay, and of this complaint is made. It is conceded that this court has held to such a rule; but we are asked to reconsider the question, and announce a rule giving only compensatory damages. The rule given by the court in this case is based upon the fact that the trespass giving rise to the damage was a willful one. In so far as the question of damage is considered therein, the case of *Kiernan v. Heaton*, 69 Iowa, 136, 28 N. W. Rep. 478, is parallel to this, and the rule there announced is full authority for the rule given in this case. The theory of the rule seems to be that a crop produced by a trespassing act is the property of the owner of the soil, and the trespasser has no such interest in it that he can deprive the owner of it, or of its possession, and that the owner of property is entitled to its value, if converted by another. Such a rule is reasonable, and has good support on authority. As directly bearing on the question of the interest in property of one who, by his wrongful acts, produces or adds to its value, see *Murphy v. Railroad Co.*, 55 Iowa, 473, 8 N. W. Rep. 32, and authorities cited.

There are no other questions that we think it necessary to consider, in view of a new trial. There is a claim that the first and fifth instructions are in conflict, but the suggestions here will be sufficient to avoid it hereafter. The judgment is REVERSED.