(108 N. W. 38.)

---

JONAS SHOEMAKER v. ANDREW SONJU.

Opinion filed June 1, 1906.

**Damages for Wrongful Act Embrace Those Suffered After as Well as Before Suit.**

1. Both at common law and under our statute (sections 4973, 4997, Rev. Codes 1899), one who suffers an injury by the wrongful act of another may recover compensation for all detriment proximately caused thereby, and this includes compensation, not only for past detriment, but also for detriment resulting after the commencement of the action or certain to result in the future, and whether the damages alleged are general or special in character.

**Assault and Battery — Exemplary Damages — Actual and Presumed Malice.**

2. Exemplary damages may . be awarded for an assault under section 4977, Rev. Codes 1899, where it is committed with malice either actual or presumed, and malice authorizing such a recovery may be presumed from the wanton and reckless manner in which the wrongful act was committed.

**Same — Pleading.**

3. When the complaint alleges, and the proof shows facts such as will warrant a recovery of exemplary damages, they need not be claimed by name and as such, but may be recovered under the claim for damages generally.

Appeal from District Court, Barnes county; *Burke, J.*

Action by Jonas Shoemaker against Andrew Sonju. There was a verdict for defendant and from an order denying motion for a new trial plaintiff appeals.

Reversed and remanded.

*Parks & Olsberg,* for appellant.

An act of wanton and reckless character, disregarding the safety and right of another, warrants punitive damages and the character of the act is for the jury to determine. Day v. Woodworth, 13 How. 361; Milwaukee Ry. Co. v. Arms, 91 U. S. 489, 23 L. Ed. 374; 13 Cyc. 106; Rev. Codes 1899, section 4977.

Exemplary damages were warranted although not specially claimed in the prayer for relief. Gustavsen v. Wind, 17 N. W. 523; Alabama G. S. R. Co. v. Arnold, 84 Ala. 159; Wilkinson v. Searcy, 76 Ala. 176; II Thompson on Negligence, section 1245.

*Lee Combs,* for respondent.

To recover special damages they must be pleaded. Comasky v. N. P. Ry. Co., 3 N. D. 276, 55 N. W. 732; Western Union Tel. Co. v. Morris, 83 Fed. 992.

To entitle one to exemplary damages, he must prove the element that entered in to make up his cause of action. Cannville v. Houston, etc., R. Co., 2 Tex. Unrep. Cases, 473; Samuels v. Richmond, etc., R. Co., 35 So. Car, 493, 52 Am. & Eng. Ry. Cases, 315; Kauffman v. Babcock, 67 Tex. 241.

Young, J. The plaintiff has appealed from an order denying his motion for a new trial in an action for personal injuries. Plaintiff claimed damages in the sum of $3,050. The jury returned a verdict for $233.33. The motion for new trial was based upon a statement of case which specified as grounds of the motion errors in excluding evidence, and in the instructions. The injury occurred on March 31, 1905. The action was commenced on April 27, 1905, and was tried on June 29, 1905. The complaint alleges (1) "That on the 31st day of March, 1905, in the Waldorph Hotel in Dazey, North Dakota, this defendant did willfully, maliciously, negligently, and without any cause whatever, seize this plaintiff with his hands and throw him with great force and violence to the floor. That by reason of this willful, malicious and negligent act of the defendant, plaintiff sustained severe and permanent injuries to the extent of a dislocated shoulder and a fracture of the collar bone. (2) That by reason of the said injures this plaintiff was confined to his bed for a period of one week. That during all of that time and since he has been subjected to great pain and mental suffering. That he is 65 years of age and that the injuries he received will be permanent and a constant source of annoyance to him. That he has been damaged thereby in the sum of two thousand ($2,000) dollars. (3) That by reason of the said injuries he had been under the care of a physician for a period of four weeks, and it will be necessary for him to be under their care for at least four weeks longer. That he will be obliged to pay for such services the sum of two hundred and twenty-five ($225) dollars. (4) That by reason of the said injuries, this plaintiff has been obliged to hire a man to attend to his business, for a period of four months at forty ($40) dollars per month and board; that he will be damaged thereby in the sum of two hundred and twenty-five ($225) dollars. (5) That this plaintiff is capable of earning not less than seventy-five dollars per month; that he will be unable to perform any labor for a period of eight months and will be damaged thereby in the sum of six hundred dollars. * * *" Judgment was prayed for in the sum of $3,050, and for costs. The answer, in addition to a general denial, alleges that both plaintiff and defendant were intoxicated at the time the injury occurred and were engaged in wrestling; that plaintiff through his own negligence and without fault on the part of the plaintiff fell to the floor and received the injury of which he complains. The errors

assigned upon the exclusion of evidence and upon the instructions present the same questions and they will be considered together.

The portions of the instructions which were excepted to and assigned as error are as follows: You are instructed that, under the evidence in this case, plaintiff cannot recover any sum as special damages, that is, damages for either doctor bills incurred or for money paid or to be paid for the services of a man or men by him hired or employed to work in his place or stead since the commencement of his action. That is, after the action has commenced, anything that comes in there would be in the nature of permanent injury. You are to treat this action just the same as if it was tried the day the complaint was served. You are further instructed that plaintiff cannot recover any damages for either medical treatment or for services of a man or men to work in his place to be sustained or suffered in the future, because such alleged damages are too remote and speculative, and the law does not recognize such as an element of damages in this case. * * * And you are further instructed that there is no evidence of malice of defendant against plaintiff, either at the time of the alleged assault or thereafter, but on the contrary both plaintiff and defendant agree that such a factor was entirely absent in defendant's mind at the time plaintiff fell upon the floor. * * * You are further instructed that no exemplary damages as punishment can be allowed in this case, because the same are not pleaded or claimed. I instruct you, as a matter of law, that in considering and determining the damages, if any you find from the evidence that plaintiff has sustained, you may take into consideration all the damages resulting from the injury, including not only the actual damages, such as loss of time and pecuniary expenses for medical attendance up to the time of the commencement of this action, but also for bodily and mental suffering, if any, arising from the injury."

In reference to the several rulings upon the admission of evidence which are assigned as error, it is sufficient to say that the court followed the rules laid down in the foregoing instructions. In one instance, after sustaining an objection to a question put to plaintiff as to the value of his services from the date of the injury to the day of the trial, the court gave plaintiff's counsel this direction: "Confine yourself to the period between the time he was injured and the time of the bringing of this action." The plaintiff attempted to show the value of the attending physician's services

before and after the commencement of the action. This was excluded. So also plaintiff's testimony that he suffered pain when being examined by a physician on the day previous, at the request of defendant's counsel, and that he suffered pain in dressing himself, was stricken out. In one instance the ground of the objection was that it was "not within time," and in another that reason was stated as the ground for the ruling.

Counsel for appellant contend that the court erred "in excluding from the consideration of the jury all evidence of damages subsequent to the commencement of the action and in instructing them to that effect." This contention must be sustained. The plaintiff was entitled to recover compensation for all detriment proximately caused by the defendant's wrongful act. Section 4997, Rev. Codes 1899. This includes compensation for detriment resulting from the wrongful act whether past or prospective. 3 Sutherland on Damages (2d. Ed.) section 844; 1 Sedgwick on Damages (8th Ed.) section 86; Hicks v. Drew, 117 Cal. 305, 49 Pac. 189; Drew v. Ry. Co., 26 N. Y. 49. This well-settled rule of the common law is expressly affirmed in section 4973, Rev. Codes 1899, which reads as follows: "Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof, or certain to result in the future." And as to this right to recover for future detriment, there is no distinction between general damages—i. e., those which naturally and necessarily result from the wrongful act or omission and need not therefore be pleaded—and special damages, which, because they do not necessarily follow, must be pleaded. It will be seen that the rulings upon the admission of evidence restricted the proof, and the instructions complained of, when read in connection with the rest of the charge, restricted the right of recovery to general and special damages which resulted before the commencement of the action. This deprived the plaintiff of his right to compensation for all detriment proximately resulting from the injury, and the error was highly prejudicial. This is shown by the small amount of the verdict, which but slightly exceeds the alleged value of the physician's services up to the time of the trial. The evidence shows that the injury was of a permanent character. The court excluded testimony offered to show that the value of the physician's services from the time of the injury to the trial was $200. This, for reasons above stated, was error. The services were alleged as special damages,

and the proof as to time of treatment was within the allegation of the complaint. There is high authority, however, for the rule that where the injury is serious, as in this case, the value of physician's services may be recovered under a general allegation of damages. 1 Sedgwick on Damages, section 483; Folsom v. Town, 36 Vt. 580-592; Huchinson v. Granger, 13 Vt. 386. The reason of this rule is that the description of such an injury apprizes the person liable of the necessity for such services.

The same error was repeated in reference to the other two items alleged as special damages. The plaintiff alleged that as a result of the injury (1) he was obliged to hire a man for four months to attend to his business, at an expense of $225; (2) that his earning capacity is $75 per month and that for eight months he will be unable to perform any labor. These are proper elements of damage. Wade v. LeRoy, 20 How. (U. S.) 34, 15 L. Ed. 813. They were specially alleged, and to the extent that they are sustained by the evidence the plaintiff is entitled to recover, subject, of course, to the limitation that there can be but one recovery for each element of damages, whether claimed as general or special damages.

We also agree with counsel's contention that the court erred in taking away from the jury the question of malice, and instructing them that exemplary damages could not be awarded. The record tends to show that the assault upon the plaintiff was unprovoked. The plaintiff is 64 years of age. While he was engaged in conversation with another person in the hotel, the defendant, without warning, grabbed him and threw him upon the floor, fracturing his upper forearm and the shoulder blade. This was in the presence of a number of persons whose testimony is in the record, and they do not differ materially as to the manner in which the assault was committed. It is true that there does not seem to have been any prior difficulty between the plaintiff and the defendant, and the evidence shows that both of them had been drinking intoxicating liquor to some extent. One witness said defendant was intoxicated and looked angry. Plaintiff testified: "I was friendly to all. I had no enemies. I don't think I had any malice or hate against Sonju. We never had any altercation or quarrel before that. I don't think he had any malice towards me." It was upon the foregoing and similar testimony given by defendant that the trial court took the question of malice from the jury. This

was error. The above testimony only goes to the question of actual malice. It does not show that the assault was not committed with implied malice. Malice which will authorize a recovery of exemplary damages may be actual or presumed. Section 4977, Rev. Codes 1899. Malice which is presumed or malice in law, as distinguished from malice in fact, "is not personal hate or ill will of one person toward another; it refers to that state of mind which is reckless of law and of the legal rights of the citizen in a person's conduct toward that citizen." 1 Suth. on Damages (2d Ed.) section 394; Willis v. Miller (C. C.) 29 Fed. 238; Fotheringham v. Adams Ex. Co. (C. C.) 36 Fed. 252, 1 L. R. A. 4774; White v. Spangler, 68 Iowa, 222, 26 N. W. 85; Voltz v. Blackmar, 64 N. Y. 440.

Upon the evidence in this case the awarding of exemplary damages was within the discretion of the jury. The complaint alleged that the injury was inflicted willfully, and maliciously, and the jury, had the question been left to them, could properly have presumed that the assault was with malice from the wanton and unprovoked manner in which it was committed. The plaintiff claimed a gross sum of $2,000 as general damages. It was unnecessary to itemize the elements of such damages, or to state separately the amounts claimed as actual damages and exemplary damages. 1 Sutherland on Damages, section 424; Shephard v. Pratt, 16 Kan. 209; Dooley v. M. P. Ry. Co., 36 Mo. App. 381. It is well settled that where the complaint alleges and the proof shows facts such as will warrant a recovery of exemplary damages, they need not be claimed by name and as such in the complaint but may be recovered under the claim for damages generally. Hoadley v. Watson, 45 Vt. 289, 12 Am. Rep. 197; Ala. G. S. Ry. Co. v. Arnold, 84 Ala. 159, 4 South. 359, 5 Am. St. Rep. 354; Savannah Ry. Co. v. Holland, 82 Ga. 257, 10 S. E. 200, 14 Am. St. Rep. 158; Southern Ex. Co. v. Brown, 67 Miss. 260, 7 South. 318, 19 Am. St. Rep. 306; Gustafson v. Wind, 62 Iowa, 281, 17 N. W. 523; Davis v. Seeley, 91 Iowa, 583, 60 N. W. 183, 51 Am. St. Rep. 356. Also, 13 Cyc. 177, and cases cited. The plaintiff's claim for damages was unliquidated. It was for the jury to say, under the evidence, what sum should be allowed as actual damages; also, whether exemplary damages should be awarded, and, if so, the amount.

The order appealed from will be reversed, and a new trial granted. All concur.