**HEBRON PUBLIC SCHOOL DISTRICT NO. 13 OF MORTON COUNTY, STATE OF NORTH DAKOTA, Appellee,**

v.

**U.S. GYPSUM, Appellant.**

No. 89–5565.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 21, 1991.

Decided Jan. 8, 1992.

Thomas Kenworthy, Philadelphia, Pa., argued (Wickham Corwin, Fargo, N.D., on brief), for appellant.

Daniel Speights, Hampton, S.C., argued (William A. Jordon, Hampton, S.C., Steven C. Lian, Minot, N.D. and Jon M. Arnston, Fargo, N.D., on brief), for appellee.

Before McMILLIAN, Circuit Judge, and HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

United States Gypsum Co. (USG) appeals from a final judgment entered in the Dis-

trict Court [1] for the District of North Dakota upon a jury verdict in favor of Hebron Public School District No. 13 (Hebron). 723 F.Supp 416. For reversal USG argues the district court erred in (1) denying its motion for summary judgment because Hebron's cause of action is barred by the applicable statute of limitations and by the statute of repose applicable to improvements to real property, (2) submitting to the jury the theory of breach of implied warranty of fitness for a particular purpose, (3) submitting a general verdict to the jury, and (4) using the wrong standard for punitive damages. For the reasons discussed below, we affirm the judgment of the district court.

Most of the underlying facts are not disputed. In 1959 and 1963 an acoustical ceiling plaster ("Audicote") manufactured by USG was installed on the ceiling of two additions to the Hebron school building. Audicote contains asbestos fibers. Audicote had been specified by the architect hired by Hebron and installed by general and sub-contractors. Hebron had no communications with USG about the specification or installation of the acoustical ceiling plaster. USG had no contacts with Hebron and had no knowledge about the Hebron school projects.

In August 1983 Hebron tested the school building ceiling and discovered asbestos. In 1986, some 23 years after the acoustical ceiling plaster had been installed, Hebron filed this action in state court to recover the costs of removing the asbestos-containing acoustical ceiling plaster from the school building and for punitive damages. Hebron asserted the following theories of liability: restitution, strict liability, negligence, breach of implied warranty, breach of express warranty, fraud and misrepresentation, nuisance, and indemnity. USG removed the action to federal district court and filed a motion for summary judgment. First, USG asserted Hebron's cause of action was time-barred under N.D.Cent.Code § 28–01–16(1) [2] because North Dakota applies the discovery rule for accrual only if there is fraud or fraudulent concealment. USG also asserted the cause of action was time-barred, whether the cause of action accrued at the time of installation in 1963 or when asbestos was discovered in 1983, because USG, as a manufacturer of component building materials used in an improvement to real property, was protected by N.D.Cent.Code § 28–01–44.[3] The district court disagreed with USG's statute of limitations argument and denied the motion for summary judgment. *Hebron Public School District No. 13 v. United States Gypsum Co.*, Civ. No. A1–86–184, slip op. at 4–7, 1989 WL 168985 (D.N.D. June 21, 1989) (order denying summary judgment).

The case was tried to a jury. At the close of Hebron's case USG filed a motion for directed verdict. The district court granted the motion in part with respect to Hebron's theories of restitution, fraud and misrepresentation, and breach of express

---

**1.** The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota.

**2.** N.D.Cent.Code § 28–01–16(1), (6) (Cum.Supp. 1989), provides in pertinent part:

The following actions must be commenced within six years after the claim for relief has accrued:

1. An action upon a contract, obligation, or liability, express or implied, subject to the provisions of sections 28–01–15 and 41–02–104.

. . . .

6. An action for relief on the ground of fraud in all cases both at law and in equity, the claim for relief in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

**3.** N.D.Cent.Code § 28–01–44(1) provides in pertinent part:

No action, whether in contract, oral or written, in tort or otherwise, to recover damages:

a. For any deficiency in the design, planning, supervision, or observation of construction or construction of an improvement to real property;

b. For injury to property, real or personal, arising out of any such deficiency; or

c. For injury to the person or for wrongful death arising out of any such deficiency,

may be brought against any person performing or furnishing the design, planning, supervision, or observation of construction, or construction of such an improvement more than ten years after substantial completion of such an improvement.

warranty; Hebron dismissed the indemnity claim. At the close of the evidence USG renewed its motion for directed verdict on various grounds, including the statute of limitations and sufficiency of the evidence. The district court denied the motion. The case was submitted to the jury on the theories of negligence, strict liability, breach of implied warranties of merchantability and fitness for a particular purpose, and nuisance. The district court denied USG's request to submit special verdicts to the jury. The jury returned a general verdict in favor of Hebron and awarded Hebron compensatory damages in the amount of $382,-000.00 and punitive damages in the amount of $450,000.00. USG filed a motion for judgment notwithstanding the verdict (JNOV) or for new trial. The district court denied the motion, specifically holding the statute of repose did not apply to manufacturers of building supplies and that the evidence was sufficient to support Hebron's theories of liability. *Id.,* 723 F.Supp. at 418, 419–20 (order denying motion for JNOV or new trial). This appeal followed.

## STATUTE OF LIMITATIONS AND STATUTE OF REPOSE

USG first argues the district court erred in denying its motion for summary judgment because Hebron's cause of action was barred by the applicable statute of limitations and the applicable statute of repose. USG argues that in North Dakota, except for fraud, a cause of action accrues when the right to commence it comes into existence. *E.g., Keller v. Clark Equipment Co.,* 715 F.2d 1280, 1285 (8th Cir.1983) (North Dakota law) (conjunction of injury or damage and wrongful act creates cause of action), *cert. denied,* 464 U.S. 1044, 104 S.Ct. 713, 79 L.Ed.2d 176 (1984).[4] USG argues that because the acoustical ceiling was installed in 1959 and 1963, Hebron's cause of action accrued at the latest in 1963, when the plaster ceiling was installed. Because Hebron did not file its complaint until 1986, some 23 years later, USG argues Hebron's cause of action was barred by the applicable 6–year statute of limitations. *Compare* N.D.Cent.Code § 28–01–16(1) (contract, obligation or liability) *with id.* § 28–01–16(6) (fraud). USG also argues Hebron's cause of action was barred by the 10–year statute of repose applicable to suits involving improvements to real property. N.D.Cent.Code § 28–01–44 bars all suits against "any person performing or furnishing the design, planning, supervision, or observation of construction, or construction" of improvements to real property more than 10 years after substantial completion. USG argues the district court construed the statute of repose too narrowly so as to protect only architects, contractors and engineers, and that the statute of repose also protects the designers and manufacturers of component building materials like USG.

Because the statute of limitations and the statute of repose issues involved questions of state law which were unresolved at the time the appeal was submitted, we certified those questions of law to the Supreme Court of North Dakota pursuant to N.D.R.App.P. 47. The state supreme court accepted the certification and held that, for purposes of N.D.Cent.Code § 28–01–16(1), a cause of action, or claim for relief, does not accrue until the aggrieved party discovers the facts which constitute the basis for its cause of action or claim for relief. *Hebron Public School District No. 13 v. United States Gypsum Co.,* 475 N.W.2d 120, 126, (N.D.1991) (opinion answering certified questions of law). The state supreme court also held that the statute of repose, N.D.Cent.Code § 28–01–44, does not protect a manufacturer of building materials used in an improvement to real property. *Id.* at 126–27, *citing Vantage, Inc. v. Carrier Corp.,* 467 N.W.2d 446, 450–51 (N.D.1991) (holding designer and manufacturer of rooftop furnace not protected by N.D.Cent.Code § 28–01–44). We appreciate the assistance of the North Dakota Supreme Court.

 In view of the North Dakota Supreme Court's answers to the certified

---

**4.** In cases of fraud or fraudulent concealment, plaintiffs have one year to file a complaint from the time the claim is discovered or reasonably should have been discovered. N.D.Cent.Code § 28–01–24.

questions of law, we must reject USG's arguments and hold that the district court did not err in denying USG's motion for summary judgment on these issues. Because Hebron discovered the existence of asbestos in the acoustical ceiling plaster in 1983, its cause of action, or claim for relief, accrued at that time and the complaint was timely filed in 1986, well within the 6-year statutory period. In addition, we hold that USG as the designer and manufacturer of Audicote was not protected by the statute of repose applicable to claims involving improvements to real property.[5]

## IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

■ USG next argues the district court erred in submitting to the jury the theory of breach of implied warranty of fitness for a particular purpose because Hebron did not properly plead this theory of liability. We disagree. Paragraphs 17–19 of the first amended complaint specifically alleged that USG had warranted that its products were "of good and merchantable quality and fit for their intended purpose [in school construction]" and that USG had breached "the implied warranties of good and merchantable quality and fitness for the particular intended use."

■ USG also argues the district court should not have submitted the breach of implied warranty theory to the jury because there was no evidence of reliance. The instructions given to the jury on this theory included the element of reliance.[6]

USG argues that Hebron failed to prove it relied upon USG's skill and judgment in selecting USG's product as fit for a particular purpose and that, as a matter of law, there can be no reliance, and thus no implied warranty of fitness for a particular purpose, where, as in the present case, the product was specified by trade name. We disagree.

USG's reliance arguments are premised upon its characterization of this theory of liability as a contract theory. Hebron's breach of implied warranty theory was grounded in tort, that is, the doctrine of strict liability in tort, and not in contract, despite the confusing use of the contractual term "warranty." *See Herman v. General Irrigation Co.*, 247 N.W.2d 472, 476 (N.D.1976) (noting parallel between strict liability and breach of warranty); *Johnson v. American Motors Corp.*, 225 N.W.2d 57, 66 (N.D.1974) (adopting strict liability in tort as defined in Restatement (Second) of Torts § 402A); *see also Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57, 27 Cal.Rptr. 697, 701, 377 P.2d 897, 901 (1963); *Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 179 N.W.2d 64, 70–71 (1970); *see generally* 2A Louis R. Frumer & Melvin I. Friedman, Products Liability § 16.02 (1991). Because the warranty was implied in fact or in law, and not by contract, the law of contract warranties, including the contract defense of nonreliance, did not apply, and Hebron did not have to show reliance on the skill or judgment of the manufacturer. *See Greenman v. Yuba*

---

5. *Cf.* N.D.Cent.Code § 28–01.1–02(1) (no recovery of damages for damage to property caused by defective product unless damage occurred within 10 years of initial purchase or within 11 years of manufacture), (5) (action to recover damages based on injury to property resulting from presence of products containing asbestos fibers must be commenced within 6 years of discovery). In *Hanson v. Williams County*, 389 N.W.2d 319 (N.D.1986) (expressly discussing subsections (1) and (3)), the North Dakota Supreme Court held § 28–01.1–02 violated the state equal protection clause and was unconstitutional. North Dakota does not apply statutes retroactively absent express statements of legislative intent to the contrary. N.D.Cent.Code § 1–02–10. The district court held that subsection (5) did not apply to Hebron's claims because § 28–01.1–02 was enacted in 1985, after

Hebron discovered the presence of asbestos, and does not expressly provide for retroactive application. *Hebron Pub. School Dist. No. 13 v. United States Gypsum Co.*, Civ. No. A1–86–184, slip op. at 5 & n. 2, 1989 WL 168985 (D.N.D. June 21, 1989) (order denying summary judgment).

6. The instruction provided in part:

Where the manufacturer sells a product which it has reason to know at the time of contracting that the product is going to be used for a particular purpose, and that the buyer is relying on the seller to provide a product suitable for such use, there arises this additional warranty which is breached if the goods are not so fit.

*Power Products, Inc.,* 377 P.2d at 901; *Farr v. Armstrong Rubber Co.,* 179 N.W.2d at 70; *see generally* 2 American Law of Products Liability 3d § 16.36, at 51 (Timothy E. Travers man. ed., 1987). Accordingly, we hold the district court did not err in submitting to the jury the theory of breach of implied warranty of fitness for a particular purpose.

GENERAL VERDICT

■ USG next argues that the district court erred in instructing the jury to render a general verdict after submitting the case to the jury on multiple theories of liability. USG argues generally that none of Hebron's theories of liability was "sustained by the evidence and legally sound," especially the theory of breach of implied warranty of fitness for a particular purpose. In addition, USG argues that the jury was not instructed that punitive damages could not be awarded for breach of implied warranty and thus the jury could have improperly awarded punitive damages on a contract theory of liability. USG notes that, contrary to the district court's statement in the order denying the motion for JNOV, the jury was not instructed that it could only award punitive damages if it found negligence on the part of USG, that is, tort liability. *See Hebron Public School District No. 13 v. United States Gypsum Co.,* 723 F.Supp. 416, 419 (D.N.D.1989) (order denying motion for JNOV). Because the court cannot determine from the general verdict upon which theory or theories of liability the jury rested its finding of liability or the award of punitive damages, USG argues the court must reverse and remand the case for new trial.

It is true that "when one of two [or more] theories has erroneously been submitted to the jury, a general verdict cannot stand." *Dudley v. Dittmer,* 795 F.2d 669, 673 (8th Cir.1986); *see also Robertson Oil Co. v. Phillips Petroleum Co.,* 871 F.2d 1368, 1375–76 (8th Cir.1989). In the present case, however, none of the theories of liability, including the theory of breach of implied warranty for a particular purpose, was erroneously submitted to the jury. This argument is based in part upon

USG's mistaken characterization of the breach of implied warranty theory as a contract theory. As discussed above, the breach of implied warranty theory was not grounded in contract but in tort and was properly submitted to the jury. All of the theories of liability submitted to the jury— strict liability, negligence, breach of implied warranty, and nuisance—were grounded in tort.

PUNITIVE DAMAGES

USG next argues the district court erroneously used the lesser standard of "reckless disregard" to evaluate the sufficiency of the evidence to support the punitive damages award. USG argues the correct standard is the higher standard of "conscious disregard." We disagree.

■ Under North Dakota law, a finding of either actual malice or presumed malice will support an award of punitive damages. *Dahlen v. Landis,* 314 N.W.2d 63, 69 (N.D. 1981) (punitive damages requires finding of "oppression, fraud, or malice, actual or presumed"), citing *John Deere Co. v. Nygard Equipment, Inc.,* 225 N.W.2d 80, 95 (N.D. 1974); *see* N.D.Cent.Code § 32–03–07. "Presumed malice or malice in law ... refers to that state of mind which is *reckless* with the law and with the legal rights of the citizen in a person's conduct toward that citizen." *Dahlen v. Landis,* 314 N.W.2d at 69 (emphasis added), *citing Shoemaker v. Sonju,* 15 N.D. 518, 108 N.W. 42, 44 (1906).

■ In the present case, the district court correctly instructed the jury that it could only award punitive damages if it found that USG's conduct was oppressive or malicious. Fraudulent conduct was not an issue in the present case because the fraud theory of liability had been dismissed and was not submitted to the jury. The instructions as given defined malice as "a direct intention to injure another" or "a conscious disregard of another's rights." In our view, this definition referred only to actual malice or malice in fact. Because presumed malice or malice in law corresponds to "reckless disregard" and represents a lesser standard than "conscious disregard," the district court should have

included the lesser standard of presumed malice, that is, reckless disregard, in the instruction defining malice. However, the omission of the lesser standard from the instruction, as well as its use by the district court in evaluating the sufficiency of the evidence, was harmless error in light of the jury's finding that USG's conduct met the higher standard of "conscious disregard."

In sum, we hold Hebron's cause of action is not barred by the applicable statute of limitations or the statute of repose applicable to improvements to real property, the theory of breach of implied warranty of fitness for a particular purpose was properly submitted to the jury, and the punitive damages instruction should have included the lesser standard of reckless disregard but its omission was harmless.

Accordingly, the judgment of the district court is affirmed.