### BISEWSKI, Respondent, vs. BOOTH, Appellant.

*August 30 — September 20, 1898.*

*Assault and battery: Evidence: Court and jury: Credibility of witnesses: Instructions to jury.*

1. In an action for an assault and battery, plaintiff claimed that defendant had thrown him downstairs. It appeared that plaintiff was intoxicated at the time, and had been ordered to leave the premises of which defendant was in charge. His account of the manner in which he was injured was very incoherent and unsatisfactory, and he was corroborated only by one witness, whose admissions and self-contradictions were such that he was entitled to very little credit. On the other hand, defendant's testimony to the effect that, after putting plaintiff out of an office, he left him on the platform outside the door, ten or twelve feet from the head of the stairs, and immediately re-entered the room and closed the door, was corroborated by a large number of apparently credible witnesses. *Held,* that a verdict in plaintiff's favor should have been set aside as contrary to the evidence.

2. After properly instructing the jury in such a case that defendant had the right to order plaintiff to leave the premises and to use such force as might be reasonably necessary to expel him if he refused to go or resisted, and that defendant would not be liable for any unavoidable accident resulting therefrom and from the resistance, it was error for the trial judge to add that he found no evidence that the accident resulted from plaintiff's resistance; that there was no pretense that plaintiff offered any resistance to being thrown downstairs or that he was injured by being thrown out of the door; and that while the instruction previously given was good law, it seemed to him that there was no evidence to which it could apply,— the implication clearly being that the plaintiff was in fact thrown downstairs.

3. So, also, it was error to refuse to instruct that the number of witnesses and their concurrence in support of a given state of facts was a subject of material importance in deciding their credibility, for the reason that there was much less probability of two or more witnesses being concerned in the same falsehood or being influenced by the same mistake than a single individual.

4. Instructions on the subject of positive and negative testimony which were given in such a way as to leave the impression that plaintiff's evidence was positive and defendant's negative, are *held* to have been misleading, although correct as abstract propositions of law.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas. Christian Doerfler,* for the respondent.

CASSODAY, C. J. This is an action for an assault and battery. Issue being joined and trial had, the jury returned a verdict in favor of the plaintiff, and assessed his damages at $800. From the judgment entered thereon the defendant brings this appeal.

It appears from the record, in effect, that at the times in question the plaintiff was a laborer, forty-four years of age, in the employment of the Plankinton Packing Company, and had been for six days; that about 7 o'clock on the morning of November 22, 1894, the plaintiff appeared for labor, but, being intoxicated, he was not allowed to go to work; that he then went away, and returned about 10 o'clock, still under the influence of liquor; that, by reason of the plaintiff's intoxication, the defendant, who was general superintendent of the Plankinton Packing Company and had charge of the buildings, directed him to leave the premises, and when he failed to go the defendant took him by the collar and led him from the wholesale butchers' department into the office, and from thence through the door onto the platform which extended to the head of the stairs leading down onto the

highway, and the plaintiff claims that he was thrown down the stairs, while the defendant claims that he fell down the stairs. The platform was twenty feet long, and the head of the stairs was from ten to twelve feet from the office door. Certain errors are assigned calling for consideration.

1. After properly instructing the jury that the defendant had the right to order the plaintiff to leave the premises, and that if the plaintiff refused or resisted the order the defendant had the right in law to use such force as might be necessary to expel the plaintiff from the premises, using no more force than was reasonably necessary therefor, and that if an unavoidable accident resulted therefrom, and from the resistance thereto offered by the plaintiff, then the defendant was not liable therefor, the trial judge added, in effect, that he found no evidence to the effect that the accident resulted from the resistance thereto offered by the plaintiff; that there was no pretense that the plaintiff offered any resistance to being thrown downstairs; that there was no pretense that he was injured by being thrown out of the door; and that, while the instruction so given was good law, yet it seemed to him that there was no evidence to which it could be applied. There is plenty of evidence that the plaintiff refused to leave the premises when requested by the defendant; that the defendant had to use more or less force from the time he first took him by the collar until he got him out, through the office door, onto the platform; and that at different times the plaintiff resisted such force, especially at or near the door. The evidence on the part of the defendant leaves the plaintiff on the platform just outside of the office door, and ten or twelve feet from the head of the stairs. The defendant was not bound to, and did not undertake to, account for the plaintiff's injury. If the evidence on his behalf was true, then the defendant did not throw the plaintiff downstairs at all, and so he must have received his injury from falling downstairs, or falling on the platform when he

was forced through the door. If the plaintiff received his injury in falling at or near the door, then there was evidence to which the portion of the instruction requested and given in relation to the accident having resulted from the resistance was applicable. The addition in the instruction so given, to the effect that there was "no pretense that the plaintiff offered any resistance to being thrown downstairs," clearly implied that he was, in fact, thrown downstairs; in other words, that the plaintiff's account of the manner in which he received the injury was correct. That account was very incoherent and unsatisfactory, owing probably to the stupefied condition in which the plaintiff was at the time of the injury. The instruction so added was clearly erroneous.

2. Error is assigned because the court, after instructing the jury as to the weight or preponderance of the evidence, refused to instruct them to the effect that the number of witnesses and their concurrence in support of a given state of facts was a subject of material importance in deciding their credibility, for the reason that there was much less probability of two or more witnesses being concerned in the same falsehood or being influenced by the same mistake than a single individual. The refusal to give such instruction, under the circumstances of the case, was error.

3. While the instructions given on positive and negative evidence were correct as abstract propositions of law, yet they were given in such a way as to leave the impression that the evidence on the part of the plaintiff was positive, while that on the part of the defendant was negative, and hence entitled to less weight. This was misleading.

4. Error is assigned because the court refused to set aside the verdict and grant a new trial on the ground that the verdict was contrary to the evidence. The plaintiff's testimony related to a transaction which occurred when he was confessedly in a state of stupefaction. From the very nature of things, his version of the affair was very unsatisfac-

tory. He was corroborated only by one witness, and the admissions and self-contradictions of that witness were such as to entitle him to but very little credit. The defendant had a large number of apparently credible witnesses, and they all agree that when the defendant put the plaintiff through the office door he left him on the platform, and closed the door, himself remaining on the inside. The trial court was not justified in allowing the verdict to stand, under such circumstances.

5. Besides, there is really no sufficient evidence to authorize the submission to the jury of the question of punitory damages.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.