## NITSCHKA v. GEISZLER.

### (137 N. W. 454.)

**Assault and battery — liability — actions — damages — jury.**

In an action for damages for personal injuries received by plaintiff at the hands of defendant, *held:*—

(1) The only issue for the jury was the amount of damages assessable, the proof by defendant's own testimony establishing the commission of a wanton and malicious assault by defendant upon plaintiff.

**Assault and battery — liability — actions — damages.**

(2) Plaintiff's recovery of $1,200 sustained as not excessive.

**Averments of complaint — sufficiency — rulings on testimony approved.**

(3) The averments of the complaint were sufficient to admit the proof offered, and certain rulings on testimony approved.

Opinion filed June 17, 1912.

Appeal by defendant from a judgment of the District Court for McIntosh County; *Allen,* J., in plaintiff's favor in an action brought to recover damages for personal injuries.

Affirmed.

*Alfred Zuger* and *John Carmody,* for appellant.

It must appear that the injuries were wantonly, maliciously, and intentionally inflicted, before plaintiff is entitled to exemplary damages. Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173; Selland v. Nelson, 22 N. D. 14, 132 N. W. 220.

The court should always set aside a verdict and grant a new trial

in any case where the damages are excessive or appear to have been given under influence of passion or prejudice. Murray v. Leonard, 11 S. D. 22, 75 N. W. 272.

*W. S. Lauder* and *Franz Shubeck,* for respondent.

The amount of the several items of special damages need not be stated separately, but the whole damage, both general and special, may be stated in a gross sum. 1 Sutherland, Damages, p. 770; Shepard v. Pratt, 16 Kan. 209; Watson, Damages and Personal Injuries, § 699; Northern P. R. Co. v. Haas, 2 Wash. 383, 26 Pac. 866, 10 Am. Neg. Cas. 401; Gardner v. Burlington, C. R. & M. R. Co. 68 Iowa, 588, 27 N. W. 768; Reed v. Chicago, R. I. & P. R. Co. 57 Iowa, 23, 10 N. W. 285; Stafford v. Oskaloosa, 57 Iowa, 748, 11 N. W. 668; Eckerd v. Chicago & N. W. R. Co. 70 Iowa, 353, 30 N. W. 615, 3 Am. Neg. Cas. 373; Turney v. Southern P. Co. 44 Or. 280, 75 Pac. 144, 76 Pac. 1080; Bast v. Leonard, 15 Minn. 304, Gil. 235.

Where the injury complained of was of such a character that it could reasonably have been foreseen that medical attendance would be necessary, money paid for such attendance could be recovered under a general allegation of damages, and without being specially pleaded. Lindholm v. St. Paul, 19 Minn. 245, Gil. 204; Bast v. Leonard, 15 Minn. 304, Gil. 235; Hopkins v. Atlantic & St. L. R. Co. 36 N. H. 9, 72 Am. Dec. 287; Hawes v. O'Reilly, 126 Pa. 440, 17 Atl. 642; Shoemaker v. Sonjou, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173.

Goss, J. This action is for personal injuries received by plaintiff in an assault made upon him by the defendant. The proof abundantly supports the complaint. Defendant's own testimony alone makes full proof of the cause of action against him, and the court properly instructed the jury that plaintiff should recover, and that the only issue was the amount of damages to be assessed. The complaint charges two different assaults, occuring on the same day. As to the first assault the testimony preponderates in favor of plaintiff's version, to the effect that, without provocation, defendant struck him a powerful blow in the face, while the parties were within a building adjacent to a restaurant, from which plaintiff, bleeding profusely, immediately left. Defendant testifies to circumstances that might tend in some degree to justify his use of force as in self-defense. So far as the decision of this case is con-

cerned his contentions in this respect may be taken for granted, as the trial court instructed the doctrine of self-defense under defendant's theory and of which he has no complaint.

Some little time thereafter defendant renewed hostilities, pursuing plaintiff, who was seeking to avoid trouble, through and across the middle of a block and beyond, a distance at least of several hundred feet, and as plaintiff was entering, for protection, the house of a friend, defendant seized him, whirled him around, and struck him with his fist one or more very hard blows in the face, according to defendant's own testimony. Plaintiff's description of this occurrence is that the first assault was wholly unprovoked and unexpected, and was soon followed by the second, in which defendant used a board in mauling plaintiff while in his pursuit, and, upon overtaking him as he was about to enter his friend's house, beat him over the head and in the face with the board until he became unconscious, and from the effects of which he was confined for some weeks to his bed, under the care of a physician. Plaintiff's testimony is strongly corroborated not alone by physical facts and injuries received, but by the testimony of an eyewitness there present, who forced defendant to desist from this malicious assault. There is no substantial dispute but that plaintiff's injuries so received were of a serious nature. The jury assessed as compensatory and exemplary damages $1,200 therefor.

Defendant assigns error in the court's instruction that the plaintiff would be entitled in any event to some damages, and that the only question in that connection for the jury's consideration was the amount they should assess. The court instructed as to the law of self-defense relative to the first assault. As bearing upon the last assault, to put our conclusions beyond question, we will recite the portion of defendant's testimony bearing thereon.

"Q. Did you meet or come up with Nitschka near Nagel's place that evening?" "A. Yes, sir, I did; I struck him there with my fist. No, I did not have a stick or a piece of board in my hand, I am sure of that."

Then, again, describing events occurring after the first assault, and relative to the assault above admitted, defendant, as a part of his own direct examination, states:

"Then I went out [of the building wherein the first trouble occurred],

and I was kind of nervous, of course, and I went up a little ways and turned across the lots, them vacant places, and came around behind the postoffice, behind the hall, on the west side, towards home; and I went around the hall and I seen Nitschka standing about in the center of the street, this street going up and down to the depot, and about three steps from the crossing; and when I came around from the west side I turned to the northeast to get home, and he——In the first place he didn't say a word; then I got about five steps further, and then he started to call me names again, and then I run after him, and I just caught him when he grabbed the door knob [of Nagel's house, more than a block away], and was trying to open the door, and I gave him another blow there with the fist." "I just grabbed Nitschka at the door knob, and pulled him back, and hit him with my fist and turned right around" and left. Again, under cross-examination, he testifies: "I just hit him once; I struck him here on the cheek. I think he went backwards, I don't know if he fell down. I didn't notice any blood then. I didn't look at him. I grabbed him by the back and turned him around and give him a blow and turned around, and there was a light in the house and a lot of people there, so I walked right home. I took hold of him with the right hand, and I hit him with the right hand. I turned him around and then hit him. I just pulled him towards me, turned him around this way, and let go with my right hand. Yes, sir, I struck him as hard as I could, I didn't put no pillow under the blow. I didn't stop to see what became of him, and I didn't wait until someone came out."

Comment on the foregoing testimony of the defendant is unnecessary. He appeals as the aggrieved party, because the court instructed the jury that they must find for the plaintiff. To have instructed otherwise would have been reversible error. The assignment as to the verdict being excessive is not well taken, as under this testimony the jury was fully warranted in allowing exemplary damages in the full amount of the verdict awarded.

This brings us to assignments of error concerning the admission or exclusion of testimony. The court permitted an answer to the question: "How many times did the doctor visit you?" over the objection that the testimony sought to be elicited was "incompetent, immaterial and that no allegation of loss of time and value of time was set forth in the pleadings." This is urged as error. The complaint alleges, after reciting de-

fendant's wrongful acts and the injuries received by plaintiff because thereof, that plaintiff "has as a result been compelled to and has spent large sums of money for medical attendance and care, and has ever since been disabled" to an extent and in a manner described, all "to the damage of plaintiff in the sum of $10,000." The fact of medical attendance and treatment, and the amount thereof, as a foundation for the value of medical services necessarily received, was certainly material and competent, and not open to serious question. As to the portion of the objection regarding loss of time and value of time of the plaintiff, the testimony sought was not offered for such purpose, and did not tend to prove loss of time or value thereof.

In response to the question: "Did your wife get medicine for you while you were sick?" Plaintiff answered, without objection, "Yes, . . . Once I paid him $3 and the first doctor bill of $17 or $18." Defendant moved "that the testimony relative to the amount paid the doctor for doctor services and medicine be stricken out as incompetent and immaterial, no special allegation of the value of the same having been alleged in the complaint," which motion was denied, and error is assigned. Had the motion been made upon other grounds, it would, no doubt, have been granted, but on the grounds alleged the ruling was proper. The testimony was competent and material. The portion of the objection going to an omission to plead the value of the doctor's services and medicine does not raise the question as to the foundation laid for the admission of the testimony, or its nonrespectiveness to the question. The witness was testifying as to an expense and money disbursed as an expense in curing himself from the injuries received at defendant's hands. The motion is leveled at the allegations of the complaint, and the testimony offered was within the part of the complaint, alleging the expense of "large sums of money for medical attendance and care," which allegation necessarily covers expense for medicines and physician's services.

The testimony discloses that plaintiff was confined to his bed for some weeks because of the injuries received. One witness saw him in bed fourteen days after the injuries were inflicted, and was permitted to describe, after a proper foundation laid, such marks of violence as then appeared upon plaintiff's body. This was in response to the question: "Did you look over Nitschka's body to see if there was any

marks on him or not?" to the answering of which the objection was interposed that the same was "incompetent and immaterial, calling for an examination made after the happening of the event." Under the foundation laid, and under the issues, this testimony was properly admitted.

The court denied a motion to strike out certain testimony of one Mertz, as to the finding of blood the next morning outside of the door of the house plaintiff was about to enter when he received his beating. The evidence relative thereto was offered in rebuttal, and defendant moved to strike the same out as not proper rebuttal testimony, but belonging in the main case. Under the record, this testimony was properly received as rebuttal.

Finding the record free from substantial error, the judgment appealed from is affirmed with costs. It is so ordered.