# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

BOGUE, Respondent, v. GUNDERSON, Appellant.

(137 N. W. 595.)

1. **Evidence—Damages for Assault—Prejudice.**

   In an action for assault arising out of a political discussion, the admission of evidence that defendant was interested in the election as a candidate for state senator, although erroneous, was not reversible error, the fact in question being presumably known to all the jurors.

2. **Evidence—Argumentative Evidence—Prejudice.**

   While, in an action for assault, it was improper to permit plaintiff to testify to conclusions as to the humiliation of being assaulted in presence of many friends, yet there was not such departure from strictly correct rules of procedure as to constitute reversible error; such evidence being an argument presentable to jury at the proper time.

3. **Evidence—Measure of Damages—Wealth of Defendant.**

   In an action for punitive damages for assault, plaintiff's testimony, which in effect merely tended to prove defendant's reputed wealth, is admissible.

4. **Assault and Battery—Exemplary Damages—Evidence—Submission of Issue—Words as Evidence in Mitigation of Damages.**

   Where plaintiff and defendant engaged in a political discussion in presence of others, ending in defendant's impugning plaintiff's honesty, plaintiff replying that he had his suspicions of a man who talked of his own personal honesty, and then referred to certain testimony defendant was claimed to have given, which plaintiff implied was false; whereupon defendant struck plaintiff on the head with his fist, knocking him against a showcase; **held,** that such facts justified submission of issue of exemplary damages in an action for assault. **Held,** further, that that issue was properly submitted under instructions that a preponderance of evidence must show that defend-

1—Vol. 30, S. D.

ant maliciously struck plaintiff, and that, while angry and threatening words and abusive language are no justification for assault and battery, they may be considered by jury in mitigation of damages, if used to and tended to incite to angry passion, and were spoken so immediately before the assault as that heat of passion they were calculated to incite had not had time to cool.

5.  **Assault and Battery—Exemplary Damages—Instructions.**

Where, in an action for assault, the evidence justified submission of issue of exemplary damages, and court instructed that plaintiff was not entitled to such damages, unless the evidence showed that defendant was prompted by "a wish to vex, annoy and injure" plaintiff as provided by Civ. Code, Sec. 2292, and Pen. Code, Sec. 811, and that defendant was actuated by hatred or ill will toward plaintiff and that the assault was malicious, the issue was properly submitted.

6.  **Instructions—Exemplary Damages—Necessity of Request.**

Appellant cannot complain of court's failure to give more specific instructions, unless request therefor is made. So **held,** concerning instructions as to what are the statutory conditions under which exemplary damages are recoverable for assault and battery.

7.  **Assault and Battery—Exemplary Damages—Excessiveness.**

In an action for assault, resulting from a political discussion in presence of others, the honesty of each party being expressly or impliedly impugned by the other, and it appearing that defendant was a man of considerable means; **held,** that in awarding damages in such a case all the surrounding circumstances must be considered, and unless the verdict—in this case for $750—is so large as to clearly indicate it must have been given under influence of passion or prejudice, it should stand; and the trial court's decision thereon will not be disturbed.

(Opinion filed October 1, 1912.)

Appeal from Circuit Court, Yankton County.   Hon R. B. Tripp, Judge.

Action by Alan Bogue, Jr., against T. I. Gunderson, for damages for assault and battery. From a judgment for plaintiff for $750, defendant appeals. Affirmed.

*L. L. Fletcher* and *J. W. Edmunds,* for Respondent.

Both of these questions (as to defendant's being a candidate, and as to the effect of defendant striking plaintiff) were competent and relevant to the issues in this case, and it would have been error on the part of the court to have excluded the an-

swers for the reason that they tended to prove compensatory damages, other than those arising from physical injuries, such as damages arising from the indignity, insult, humiliation and mental pain, etc.   They fall within that class of evidence where conclusions are permitted to show mental conditions, health, whether or not a person has fever, or is destitute, the appearance of persons, nervousness, etc. · Jones on Evidence, Sec. 360; State v. Cather, (Ia.) 69 N. W. 722; State v. Leehman, 2 S. D. 171,

Sutherland on Damages, at page 744 of Vol I. (2d Ed.), states the rule in the following language:  "The wealth of the defendant may always be shown as an element of exemplary damages."   Elliott on Evidence, Sec. 1997, page 465, Vol. III; Cosgriff v. Miller, (Wyo.) 68 Pac. 206; 71 Ill. 250; Johnson v. Smith, 64 Me. 553; Draper v. Baker, 61 Wis. 450, 21 N. W. 527; Spear v. Sweany, 88 Wis. 545, 60 N. W. 1060; Hays v. Railroad Co., 15 Mo. App. 58; McCarty v. Niskern, 22 Minn. 90; Mullin v. Spangenberger, 112 Ill. 140; Jones v. Jones, 71. Ill. 562; Brown v. Swineford, 44 Wis. 282, 26 Am. Rep. 582.

Now, the next question that arises is, was the plaintiff entitled to exemplary damages?   The answer to the question is found in section 2294 of the Revised Civil Code:  "In an action for the breach of an obligation not arising upon contract where the defendant has been guilty of oppression, fraud or malice actual or presumed, the jury, in addition to actual damages, may give damages for the sake of example, and by way of punishing the defendant."   Exemplary damages should be awarded in this case, if the defendant was guilty of oppression, fraud or malice, actual or presumed.   Whether or not the defendant was guilty, in that respect must be determined from the evidence.   That question in this case was submitted to the jury under full, complete and clear instructions.   To have instructed the jury in this case that if the plaintiff provoked the assault by words so recent as to constitute a part of the res geste, plantiff was not entitled to exemplary damages, would have been error for two reasons: (1) The facts in the case would not justify such an instruction for the reason that the insult and provocative language was used by the defendant and not by the plaintiff; (2) it would leave out

of consideration the whole question of malice. Grace v. Dempsey et al., (Wis.) 43 N. W. 1127.

The instructions in the case at bar are as favorable for the defendant as the law would permit. Baumbartner v. Hodgdon, (Minn.) 116 N. W. 1030; Lowe v. Ring, (Wis.) 101 N. W. 381; Prindle v. Height, (Wis.) 52 N. W. 1134; Nichols v. Brabazon, (Wis.) 69 N. W. 342; Mallett v. Beale, (Iowa) 23 N. W. 269; Fleming v. Longhren, (Iowa) 115 N. W. 506; Redfield v. Redfield, (Iowa) 39 N. W. 688.

Decennial Digest, Vol. 2—Assault and Battery, Sec. 39: "In an action for assault and battery punitive damages are allowed, if the assault is of a wanton, malicious or brutal nature." Pratt v. Davis, 118 Ill. App. 161, 79 N. E. 562; Crabtree v. Dawson, 26 Ky. Law Rep. 1046, 83 S. W. 557; Bailey v. Walton et al. (S. D.) 123 N. W. 701.

Mere words, no matter how abusive they may be, cannot justify an assault. Century Digest, Vol. 4, Assault and Battery, Sec. 10; 116 N. W. 1030 (Minn.); Cushman v. Ryan, Fed. Case No. 3, 515; Donnelley v. Harris, 41 Ill. 126; Sorgenfrie v. Schroeder, 75 Ill. 397; Scott v. Flemming, 16 Ill. App. 16; Thompson v. Mumma, 21 Iowa, 65, 67 N. W. 400; Murray v. Boyne, 42 Mo. 472; LeLaurin v. Murray, 87 S. W. 131, 75 Ark. 232; Radden v. Maddox, 39 So. 95, 141 Ala. 506; Daniels v. Gyles, 108 Tenn. 242, 66 S. W. 1128; Lund v. Tyler, 115 Iowa, 236, 88 N. W. 333.

We desire to call attention to section 969 of Sackett on Instructions, and cases there cited. Also sections 532 and 963 of the same work.

Mitigation of Damages.

Cyc., Vol. 3, 1077: "No provocative acts, conduct, former insults, threats or words will justify an assault; no matter how offensive or exasperating, nor how much they may be calculated to excite or irritate, nor will they excuse the wrong-doer; though under some circumstances they may be considered in mitigation of damages." 116 N. W. 1030 ((Minn.) supra; Morley v. Dunbar, supra; Grace v. Dunbar, supra; Lowe v. Ring, supra; Brindle v. Haight, supra; 27 Mich. 470, supra.

No other, further, or additional instructions were requested by the defendant in this case, and to predicate error upon non-instructions, they must have first been requested. Frye v. Ferguson, 6 S. D. 392; Dell Rapids Mercantile Co. v. City of Dell Rapids, (S. D.) 75 N. W. 898; Taylor v. Seil, (Wis.) 97 N. W. 498; Thomas v. Wiliams, (Wis.) 121 N. W. 148; Vol. II. of Pleading and Practice, p. 217; Schmidt v. Carpenter, (S. D.) 131 N. W. 723; Whaley v. Vidal, 132 N. W. 242 (S. D.); Lake St. Elevated R. Co. v. Collins, 118 Ill. App. 270; Ragsdale v. Ezell, 49 S. W. 775, 20 Ky. Law Rep. 1567; Wagner v. Gibbs, 31 So. 434, 80 Miss. 53, 92 Am. St. Rep. 598; Bruske v. Neugent, 93 N. W. 454 ,116 Wis.   488; Alcorn v. Mitchell, 63 Ill. 553; Wolfe v. Trinkle, 103 Ind. 355, 3 N. E. 110; Crosby v. Bradley, 11 Ky. Law Rep. 954; Borland v. Barrett, 76 Va. 128, 44 Am. Rep. 152; Draper v. Baker, 61 Wis. 450; 21 N. W. 527; 50 Am. Rep. 143.

Vol. I., Sutherland on Damages, (2d Ed.), page 810— Excessive or Insufficient Verdicts: Where there is not a legal measure of damages, and where the damages are unliquidated, and the amount is referred to the discretion of the jury, the court will not, ordinarily, interfere with the verdict. It is the peculiar province of the jury to decide such cases, under appropriate instructions from the court; and the law does not recognize in the court the power to substitute its own judgment for that of the jury. Although the verdict may be considerably more or less than in the judgment of the court it ought to have been, still it will decline to interfere unless the amount is so great or so small as to indicate that the jury must have found under the influence of passion or prejudice; or, in other words, that it is the result of a perverted judgment, and not that of their cool and impartial deliberation.

*French & Orvis*, for Appellant.

An examination of the charge made by the court will show that no reference whatever was made by the court to this provocation or any statement made that the provocation might be sufficient to at least prevent the recovery of any punitory damages, or damage by reason of malice. The authorities as we think,

clearly establish the rule that there can be no recovery of exemplary damages where there was a reasonable excuse for the assault arising from the provocation or fault of the plaintiff; and that at best the jury should have been told that such provocation if they believed any had been given might be sufficient to present punitory damage. Cyc. Vol. 3, page 1109; Kiff v. Youmans, 86 N. Y. 325; Velts v. Blackmar, 64 N. Y. 442; Wilson v. Young, 31 Wis. 574, at page 582; Morley v. Dunbar, 24 Wis. 183; Dresser v. Blair, 28 Mich. 500, at page 502; Johnson v. McKee, 27 Mich. 470; Crosby v. Humphreys, 60 N. W. 843 (Minn.); Sutherland on Damages at Sec. 151; Rogers v. Henry, 32 Wis. 327; Wabash & St. Louis Railway Co. v. Henry J. Rector.

Express malice is defined by Black's Law Dictionary at page 462 as follows: "Actual malice; malice in fact; a deliberate, intention to commit an injury, evidenced by extraordinary circumstances." 109 N. C. 270.

"In cases where the wealth of the defendant may be shown it is upon the ground that wealth is an element which goes to make up his rank and influence in society and thereby renders the injury for insult resulting for his wrongful act the greater. In such cases it is rather the reputation for, than the possession of wealth which is the cause of this increased rank, and the testimony should correspond, and only the general question as to his circumstances can be asked and not the details." Sutherland on Damages, Sec. 405, p. 871; Johnson v. Smith, 64 Me. 553; Stanwood v. Whitmore, 63 Me. 209; Draper v. Baker, 21 N. W. 528.

As stated in the case of Wilson v. Young, 31 Wis. 574, ante, and the case of Kiff v. Youmans, 86 N. Y. 325, if the injury of which the plaintiff complains came in part from his own act, there is less reparation demanded from the defendant for the law seeks to do justice between the parties and will not require one to atone for the other's error. If satisfaction is to be made for the breach of public order it is not due to him, for his own wrong is a consideration upon which it stands, and for which he cannot be allowed to profit; otherwise he would receive compensation for damages occasioned by himself."

Yet the court in this case made no reference whatever to any thing of this kind in his charge to the jury. His failure to do so we think is clearly error..

It also appears that the blow was struck under great provocation. Under these circumstances it seems to us that the damages in this case were so excessive as to show that the verdict was given under the influence of passion or prejudice. Of course, in cases of this kind each case must stand upon its own facts, yet we would like to call the attention of the court to the case of Wilson v. Young, 31 Wis. 574, cited above; also Rogers v. Henry, 32 Wis. 527; Davis and Wife, v. Tacoma Ry. & Power Co., 66 L. R. A. 802.

HANEY, J. The complaint, alleging a malicious assault and battery, demands both actual and exemplary damages. It appears that the plaintiff, an attorney and counselor at law, who had resided in Centerville for 14 years, on the night of the general election in 1908, entered a drug store in that town, in company with a friend, to procure cigars. Several gentlemen were in the store, including the defendant, all of whom were acquainted with both parties to this action. According to the plaintiff's testimony, he was about to leave, when the defendant inquired how the election returns suited him. A discussion followed, in which the defendant accused the plaintiff of inconsistent political conduct and having been influenced by improper motives, and in which the defendant charged that the leaders of the Republican party in this state, to which the plaintiff belonged, were dishonest. "Then something was said about people being honest again, and he says, 'Well, I am just as honest as any damned Bogue that I ever knew.' I says, 'Tinus, I don't like to discuss personalities in a public place, but I have my suspicions of a man going around talking about his own personal honesty,' I said, 'and especially a man who would take the witness stand and swear that a flashboard on a dam was 18 inches wide, when it was only 12 or less.' And as soon as I said that he said, 'Don't you ever say that again.' I started in to reply, and did't get halfway through the sentence when he jumped at me, and he hit me right on the left side of the

head with his fist, struck me right on the ear, and the blow kind of knocked me over on the show case, and my hat fell down over it. He jumped back and started to pull off his coat, and three or four of the boys grabbed him. * * * I stepped around behind the show case and picked up my hat. I said: 'Gunderson, I will give you a chance to pay for your fun here.' He says: 'That is all right. I have got plenty of money to pay for it.' I says: 'You will get a chance. You don't need to worry about that any.' And I went out on the street." ·

[1] The plaintiff was allowed to testify over proper objections, that the defendant was interested in the election as a candidate for state senator on the Democratic ticket. The materiality of this evidence is not apparent. It might better have been excluded, but its admission was not reversible error. The fact it established, presumably known to all the jurors, could not have prejudiced any substantial right.

[2] The plaintiff was allowed to state, over proper objections, "Of course, under all the circumstances of the case, the place where this occurred, and before a lot of people, it was rather humiliating to be pounded over the head in the way I was pounded there, and it affects one's feelings in reference to his standing in the community. Under the circumstances in that case, it being a public place, and a great many of my friends there, it was humiliating to me in the extreme." This argument as to the natural and obvious effects of the assault should not have been made by the plaintiff as a witness. It did not tend to establish any fact whatever—only inferences necessarily flowing from the facts to which the witness had previously testified. But, as it was an argument which might have been presented to the jury at the proper time, and merely suggested consequences, concerning, which there was no room for controversy, there was not such a departure from strictly correct rules of procedure as to constitute reversible error.

[3] The contention that the court erred in allowing the plaintiff to make certain statements concerning property owned by the defendant is not tenable. Though the form of some of the questions and answers may have been objectionable, the plaintiff's

testimony, in effect, merely tended to prove the defendant's reputed wealth; and such testimony is conceded by appellant to be admissible in this class of cases.

[4, 5] Nor is the contention tenable that the evidence did not warrant the submission of the issue as to exemplary damages, and, if it did, that such issue was improperly submitted. "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of * * * malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant." Rev. Civil Code, § 2292. The term "malice" imports "a wish to vex, annoy or injure another person, established by proof or presumption of law." Rev. Penal Code, § 811. After defining "malice" substantially in the language of the statute and charging the jury concerning actual damages, the court gave the following instructions: "And the jury are also instructed that if they find, by a preponderance of the evidence, that the defendant was actuated by a hatred or ill will toward the plaintiff, and that the assault, if any, was malicious, you may also award the plaintiff such damages as, under the evidence, you think proper by way of punishment to him for the assault. * * * The jury, however, are charged that the law is that exemplary or punitive damages should not be allowed or given in this case, unless you find, by a preponderance of the evidence, not only that the defendant, Gunderson, struck the plaintiff, Bogue, but also that Gunderson acted maliciously in so doing. The jury are also charged that, while angry and threatening words and abusive language are no justificatio for an assault and battery, still they may be considered by the jury in mitigation of damages, if it appears from the evidence that they were used, and were of such a character as would naturally tend to incite the angry passions of man, and were spoken so immediately before the assault complained of as that the heat of passion which they were calculated to incite had not had time to cool."

As malice may be presumed from the manner in which an assault is made, considered in the light of the surrounding circum-

stances, as shown by all the evidence, the court did not err in submitting the question of exemplary damages. Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173.

[6] The jury were, in effect, instructed that the plaintiff was not entitled to exemplary damages, unless they believed the defendant was prompted by "a wish to vex, annoy or injure" the plaintiff. This was the applicable rule stated in the language of the statute. The instructions, taken as a whole, excluded exemplary damages, in the absence of the precise condition prescribed by the statute. The court performed its duty. It correctly instructed as to the law applicable to the case. Of course, it might, with propriety, have gone farther and stated what did not, as well as what did, constitute the required condition. But it was not requested to do so; and, in the absence of any request for more specific instructions, the defendant is not in position to complain.

[7] Finally, it is contended that the verdict is excessive. One of the statutory grounds for granting a new trial is "excessive damages, appearing to have been given under the influence of passion or prejudice." Rev. Code Civ. Proc. § 301. Great latitude is allowed in this class of cases. One purpose of exemplary damages is to deter the person against whom they are awarded from repeating the offense and others from committing it. An amount sufficient to serve this purpose in one instance might be wholly inadequate in another. Each action must be governed by its own peculiar facts. The social standing of the parties, the place where the assault occurs, the character of the persons present, the provocation, if any—all the circumstances—are to be considered. The question is not whether the trial court or this court, as triers of fact, would have awarded a less amount. Unless the verdict is so large as to clearly indicate that it must have been given under the influence of passion or prejudice, it should stand. The language employed by the defendant during the discussion which preceded the assault was decidedly ungentlemanly to say the least. Men of his social standing should not resort to unjustifiable physical force. The learned trial judge was in a far better posi-

tion to determine whether this verdict was influenced by passion or prejudice than are the judges of this court. He declined to disturb it. His decision should not be reversed.

The judgment is affirmed.