Plaintiff brought action against the defendant to recover damages for assault and battery. On a verdict for the plaintiff for $1,000 compensatory and $500 exemplary damages a judgment was in due course entered. From that judgment and from an order denying a motion for a new trial the defendant appeals.
About August 16, 1925, the defendant and one Stone called at the residence of the plaintiff; and Stone, a codefendant of appellant Meiers, expressed a wish to borrow a rifle belonging to her son. The request was refused, coupled with some language that the defendants had already obtained enough from her son in poker games. An altercation developed in which, according to plaintiff's testimony, the defendant Meiers became very abusive, calling the plaintiff ugly names and casting grave imputations upon her virtue. Roused to anger, as she says, by the epithets heaped on her by the defendant, plaintiff struck him in the face with a hand towel, approximately 14 in. by 36 in., which she had in her hand when she came out of the kitchen in response to their call. There is some testimony, denied by her, to the effect that she struck him at the same time, with her other hand. Immediately, according to her testimony, the defendant, with his clenched fist, struck her in the eye, causing it to become very greatly discolored; it appears from her testimony that the defendant kicked her in the leg, causing bruises, pain and discomfort. She says that she was bruised, that her head ached, that her eye was black and discolored for some time afterwards; that the blow made a cut on the inside of her lip; that she felt weak from the effects of the blow in the eye; that her vision was blurred; and that she was under the care of a physician for a week. At the time of the trial the effects of the blow were visible, approximately two months after the assault was committed; at that time her vision was blurred and her head ached, and the kick on the leg in the region of *Page 339 
the knee caused her some lameness. She testified that defendant Meiers appeared angry when he struck her, and was at that moment calling her vile names.
Counsel sets forth 27 specifications of errors which he consolidates under seven points. In general, the errors alleged are: Insufficient evidence to support a verdict, and excessive damages; errors in charging the jury respecting the burden of proof and exemplary damages; and in giving, through the instructions, greater emphasis to the testimony of the plaintiff than to the testimony of the defendant; errors in ruling upon the admissibility of evidence; and in failing to instruct the jury as to defendant's rights in resisting the attack alleged to have been made on him by the plaintiff.
Respecting the sufficiency of the evidence, enough has been stated to show that that specification is wholly without merit. The testimony is clearly sufficient to support a verdict by the jury that the defendant used more force than was necessary to defend himself against the attack made upon him by the plaintiff. We are not impressed that defendant Meiers was in such grave danger of personal harm at the hands of Mrs. Powell that he was justified in hitting and kicking her with the force disclosed by the record, or at all. A hand towel can scarcely be considered a dangerous weapon; and there is nothing to suggest that the defendant was a man of such timidity that the flourishing of a towel by a lady should fill him with alarm. If he did experience "more pangs and fears than wars or women have," the record does not suggest it.
Neither are we impressed with the assignment that the compensatory damages are so excessive as to warrant the inference that the verdict was rendered under the influence of passion or prejudice. We have sufficiently summarized the testimony to show that the plaintiff suffered pain, some humiliation, and two months after the battery she still noticed the effects of the beating and her vision blurred because of the attack.
Respecting the alleged error based upon the failure of the court to charge correctly as to the burden of proof, we think that there is no merit in the assignment. The court said to the jury: "I charge you that the defendant having admitted that he used force against the person of the plaintiff with his hands and foot, the burden is upon him to prove by a fair preponderance of the evidence that such act is *Page 340 
justified and done in necessary self-defense, and, if he has done so, the plaintiff would not be entitled to recover. If he fails to do so, the plaintiff will be entitled to recover for such injury and damage as she may sustain, if any." Self-defense is an affirmative defense and must be pleaded and proved, and the burden of proof is on him who asserts it. 2 R.C.L. 577; Rhinehart v. Whitehead, 64 Wis. 42, 24 N.W. 401; Dovey v. Lam, 117 Ky. 19, 77 S.W. 383, 4 Ann. Cas. 16; Suell v. Derricott, 161 Ala. 259, 23 L.R.A.(N.S.) 996, 49 So. 895, 18 Ann. Cas. 636; Marriott v. Williams, 152 Cal. 705, 125 Am. St. Rep. 87, 93 P. 875. In the case of Marriott v. Williams, supra, the California court say: "But the burden of proof to establish the self-defense remains with the defendant. There is no presumption that a bodily injury is justifiable and the justification must be proven by him who asserts it. The instructions of the court embodying these propositions were properly given." In 5 C.J. 664, it is said that self-defense is an affirmative defense, that the burden to prove the same is on the defendant, notwithstanding averments in the complaint that the assault was not provoked, and that the defendant "assumes the burden of proof that in so defending himself, he used no more force than was necessary." We are satisfied that the instruction correctly stated the law.
It is next urged that the court misdirected the jury upon the question of exemplary damages. The court said to the jury "If you find that the injuries, if any, were inflicted wilfully and maliciously, then you are not limited to money compensation for actual damages sustained, but you may give such further sum by way of exemplary damages as an example to others to deter them from offending in a like manner. But before you can find exemplary damages, however, you must find that actual damages have been proven."
Section 7145, Comp. Laws 1913, authorizes the award of exemplary damages, in cases not arising on contract, when the defendant has been guilty of oppression, fraud or malice, actual or presumed. The malice, necessary to justify the giving of punitory damages, may be presumed from the wanton and reckless manner in which the battery was committed. Shoemaker v. Sonju,15 N.D. 518, 108 N.W. 42, 11 Ann. Cas. 1173. Here the battery was accompanied by the use of insulting words. Upon the whole evidence we are satisfied that the jury here *Page 341 
was justified in finding such reckless and wanton misconduct on the part of the defendant towards the plaintiff as warranted the inference of malice.
It is urged by the defendant that no punitive damages may be awarded because the plaintiff provoked the assault and battery. It is a sound rule and one which has been often applied that exemplary damages are not recoverable where provocation furnished by the plaintiff affords a reasonable excuse for the assault. 5 C.J. 707. It is equally well settled, however, that if the defendant "uses excessive or unwarranted force in repelling the aggressor," exemplary damages may be awarded. Ibid. In Nichols v. Brabazon, 94 Wis. 549, 69 N.W. 342, it appeared that the plaintiff, a woman, provoked the assault by kicking the defendant. The court held, notwithstanding, that the defendant retaliated with such unnecessary force and violence that punitory damages were properly allowed. See also Kelly v. Sanderson, 204 Ill. App.? 155. We think the evidence in the case at bar, supports the finding that while there was excuse for a technical battery, the measures of reprisal adopted by the defendant were so disproportionate to the provocation as to permit the inference of malice and support a verdict for punitory damages.
It is next contended by the defendant that the court in its instructions gave undue and prejudicial emphasis to some testimony of the plaintiff. The part of the charge upon which this specification is based may be summarized as follows: The defendant admitted while a witness that he wilfully used force with his hands and foot against the plaintiff, but claims that he was justified in doing so, because plaintiff was engaged in an unlawful assault and battery upon him; I charge you that the plaintiff had no right to assault the defendant and strike him with a towel or with her hand, if she did strike him with herhand. We are unable to discover anything in these instructions which could by any possibility, have misled the jury or prejudiced the defendant. It is true that the court did add the clause: "If she did strike him with her hand," which defendant contends minimized in the minds of the jury, the effects of her admission, while a witness, that she had struck him with a towel. It is doubtless true that in the interest of complete consistency in the instructions, the court should have stated to the jury that she admitted having struck him with the towel since the court *Page 342 
called attention to the fact that defendant had admitted that he had struck and kicked the plaintiff. We do not believe that this difference in the phraseology, in referring to the testimony of the parties, could have prejudiced the defendant. The situation presented is not within the rule which condemns an instruction given in such a way as to create an impression that the evidence on the part of the plaintiff is positive while that on the part of the defendant is negative, and consequently entitled to less weight, which was the fact in Bisewski v. Booth, 100 Wis. 383, 76 N.W. 349, cited by the appellant.
Errors grouped under point five, being assignments 19 and 20, are in general terms and allege that the court erred in fully instructing the jury as to the right of the defendant to resist plaintiff's assault and to repel the attack she made upon him. We have set forth the instruction dealing with the subject of self-defense and, in the absence of requests for more specific instructions, we think they are clearly sufficient as against the general objection here made.
Assignments 1 to 8, inclusive, grouped under point six, pertain to the rulings of the trial court upon the admissibility of evidence. The first assignment relates to the examination of the defendant, over objection, respecting his pecuniary circumstances. Facts were pleaded tending to show malice in committing the battery and the complaint prayed for exemplary damages. The rulings of the trial court were clearly correct. Evidence of the pecuniary circumstances of the defendant, in a suit to recover damages for malicious assault and battery, is admissible. 5 C.J. 683 and cases cited. Errors 2 and 3 are based upon the overruling of an objection to the following question "Q: Did you plead guilty to assaulting Mrs. Powell?" The defendant answered "No." It is difficult to see how he could have been prejudiced even if it be conceded that the objection to the question should have been sustained. This assignment is clearly without merit.
Plaintiff was asked by her counsel to state what the defendant said to the state's attorney respecting the alleged battery. She testified that he had told the state's attorney that he pleaded guilty to striking a woman. Counsel claims that no foundation was laid for an impeaching question, that the question did not call for the best evidence and that no foundation had been laid for introducing secondary evidence. In the circumstances appearing in the record no prejudice could have resulted *Page 343 
from permitting the plaintiff to testify to the admissions made by the defendant in the justice court. The defendant himself, as a part of his main case and when under direct examination by his own counsel, testified to admissions not materially different from the admissions to which the plaintiff had testified and against the admissibility of which the objection was interposed. In short, the same testimony was given by the defendant himself.
Assignment number 8, under point six, relates to the ruling of the trial court in striking a statement made by codefendant Stone. Stone was under examination by defendant's counsel. The subject to inquiry was the circumstances leading up to the alleged battery. The witness had testified that plaintiff was standing near the car or leaning against it — not "afar off for fear of her torment." He was then asked this question "What statement did you make." Witness then undertook to detail verbatim a conversation between himself and plaintiff. Several statements, alleged by the witness to have been made by himself and by the plaintiff, were given and at the conclusion thereof, witness says: "And that was the time that I butted in and said `Don't you think that you ought to keep your own doorstep clean.'" A motion was then made as follows: Mr. Wycoff: "It is moved to strike out the statement." The Court: "Sustained." No instruction was given the jury to ignore the "statement;" nothing in the record indicates what "statement" the court or counsel had in mind, whether it was the last statement which we have quoted above, or all of the numerous statements made by him just prior thereto. No request was made for a ruling to clarify the record in this respect. We are of the opinion that even if the ruling be construed as striking from the record all of the statements, no prejudice resulted. Much of the same ground was covered by other witnesses. The jury had heard the testimony and the ruling was not accompanied with any instructions to disregard the statement or statements made. The error, if any, was clearly not prejudicial. It appears, moreover, that much of the answer of the witness was not responsive to the question asked, and could have been properly stricken on that ground. Certainly the last statement was not material. It fairly appears from the transcript that the court made its ruling before counsel had an opportunity to state the grounds of the motion.
Complaint is made that the court erred in permitting the plaintiff to *Page 344 
cross-examine Orten Stone under the statute as an adverse witness. The assignment is wholly devoid of merit. At the conclusion of the plaintiff's case counsel for the defendant moved that the action against the defendant Stone be dismissed. The court expressed its opinion to the effect that the evidence was wholly insufficient to sustain a verdict against Stone and granted the motion dismissing as to him. No motion was made by counsel for defendant either to strike the testimony of the witness Stone, given on cross-examination under the statute, or for instructions respecting the effect thereof, although counsel for the plaintiff after the ruling of the court said: "I don't understand the court to mean that the testimony of Stone is stricken out." Counsel for defendant thereupon said "The motion that was made was for a dismissal and the motion was granted." Plaintiff sued Meiers and Stone; during the presentation of her main case she called both defendants for cross-examination under the statute. She had the right to do this and the record does not disclose or suggest bad faith. At the conclusion of the plaintiff's case, on motion properly made, the action against Stone was dismissed. No motion was made asking the court to limit or define the effect of the testimony given under cross-examination by the defendant as to whom the case was dismissed. Nor was there any request for instructions pertaining thereto. No reversible error was committed.
Under point 7 the contention is advanced that the damages given by the jury were excessive and that the jury must have been influenced by passion and prejudice. The jury awarded plaintiff $1,000 as actual damages. Can we say that this amount is so large, in the circumstances, as to indicate the influence of passion and prejudice? We do not think so. The testimony has been somewhat briefly summarized. From the evidence the jury were justified in finding that because of the blow in the eye, plaintiff suffered from headaches and a blurred vision continuing up to the time of the trial, approximately two months after the battery was committed; that she had pain for sometime after the injury, both as a result of the blow in the eye and the kick in the leg. She testified that the kick "made my knee or leg black and blue and I was lame." Dr. Flath who attended the plaintiff, testified that she had a black eye and that her right arm and leg were both blackened; that the left eye lids were swollen, darkened and discolored from suffusion of blood under the skin, covering a space about two and one-half or three inches in *Page 345 
circumference; and that there was a cut on the inside of the upper lip. Questioned as to the effect upon the vision he said "Q: Would not say that the blow might up to this time, affect the vision of her eye? A: I would not say so, it might."
It is for the jury and not for the court to fix the amount of the damages and a verdict will not be set aside merely because in the judgment of the reviewing tribunal it is large and a less amount might have been awarded. 8 R.C.L. 674. See also §§ 215-218, 8 R.C.L. 674-680. We do not feel justified in disturbing the verdict in this case. "It must appear at first blush that the damages are glaringly excessive." 5 C.J. 709. See Nitschka v. Geiszler, 23 N.D. 412, 137 N.W. 454. In Draper v. Baker,61 Wis. 450, 50 Am. Rep. 143, 21 N.W. 527, the court declined to disturb a verdict of $1,200.00 as excessive where the injury consisted in spitting in the plaintiff's face. In Lonergan v. Small,81 Kan. 48, 25 L.R.A.(N.S.) 967, 105 P. 27, $1,000 was awarded for assault in taking a box from the plaintiff's possession and examining its contents, although there was no physical injury. See in this connection Ann. Cas. 1913A, p. 1361; and Leiferman v. Daniels, 44 N.D. 76, 176 N.W. 9.
It is also urged that the exemplary damages are excessive. To our minds the record suggests no justification for the violence of the defendant's attack and, indeed, very slight extenuating circumstances. We do not believe that it can be said of Meiers, emboldened and encouraged as he must have been by the presence of his friend Stone, who, according to his own story, took a substantial, if not heroic, part in the war of words, "according to thy fear so is thy wrath," and that he beat the lady in the excitement of panic rather than the passion of vindictive malice and spiteful revenge.
The judgment is affirmed.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur. *Page 346