LYONS, Respondent, v. THOMAS, Appellant.

(258 N. W. 133.)

(File No. 7734. Opinion filed January 4, 1935.)

*Fletcher & Fletcher,* of Aberdeen, for Appellant.

*Thomas L. Arnold,* of Aberdeen, for Respondent.

WARREN, J.  The plaintiff brought action against the defendant for a malicious assult and battery and demanded both actual and exemplary damages.  It would appear that plaintiff became a tenant of defendant's in a two-story frame building owned by defendant at Aberdeen, S. D.  Plaintiff and his family occupied the first story; the second story was occupied by other tenants, excepting for· a room which defendant reserved for his own use.  About three months after plaintiff had moved in, some dispute arose over the payment of rent, which dispute caused quite a bitter feeling between the parties.  It finally culminated in a fistic encounter on the 24th of November, 1933.  It would seem from plaintiff's evidence that plaintiff called at defendant's room offering to pay him $5 on the rent and would pay him $10 downtown.  Defendant refused to agree to such an arrangement, and it would seem that the defendant, Thomas, flew into a rage, cursed and abused plaintiff, and called· him vile names.  Plaintiff left the room and went outside of the building.  When he returned and opened the door and got to the front stairway where the door opened into plaintiff's apartment, the defendant rushed down the stairs, cursing and swearing, and grabbed plaintiff, pulled his hair, pulled him back over the stairs, struck him on his glasses, driving the glasses into his nose.  It is also claimed that defendant hit the plaintiff five or six times on the head and shoulders and in the fight or scuffle wrenched the plaintiff's back, injuring his sacroiliac joint.  The plaintiff contends that he did not strike the defendant, but tried to hold and restrain the defendant from injuring the said plaintiff.  The plaintiff received medical attention and was unable to work for about two weeks.  A belt or truss was constructed for him which he wore for some time on account of the joint injury.  The jury returned a verdict in favor of plaintiff and against defendant in the sum of $750.  Thereafter defendant filed a motion for new trial, which said motion for new trial was overruled.  De-

fendant has appealed from the judgment and order overruling the motion for new trial.

Among the assignments of error, we find that appellant urges that the court erred in permitting evidence to be received on cross-examination under the statute as to the financial worth of appellant. It would seem that this evidence was offered at the very beginning of the introduction of testimony. From the complaint it appears that this is an action for not merely simple assault, but was predicated upon the theory and complaint of malicious assault. Exemplary damages were asked, and while the order of proof may seem objectionable, yet it was within the sound discretion of the trial court to admit it at the time of the cross-examination of the defendant under the statute. That evidence as to personal worth is admissible under the pleadings and record in cases such as before us seems to be the well-established law of this state. Bogue v. Gunderson, 30 S. D. 1, 137 N. W. 595, Ann. Cas. 1915 B, 126.

The Supreme Court of North Dakota, in a well-considered case, has quite fully presented and covered fact situations quite similar to the one before us, in Powell v. Meiers, 54 N. D. 336, 209 N. W. 547, 549, as follows:

"The malice necessary to justify the giving of punitory damages may be presumed from the wanton and reckless manner in which the battery was committed. Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173. Here the battery was accompanied by the use of insulting words. Upon the whole evidence we are satisfied that the jury here was justified in finding such reckless and wanton misconduct on the part of the defendant towards the plaintiff as warranted the inference of malice. * * *

"The first assignment relates to the examination of the defendant, over objection, respecting his pecuniary circumstances. Facts were pleaded tending to show malice in committing the battery, and the complaint prayed for exemplary damages. The rulings of the trial court were clearly correct. Evidence of the pecuniary circumstances of the defendant, in a suit to recover damages for malicious assault and battery, is admissible. 5 C. J. 683, and cases cited. * * *"

Appellant further contends that the court was not warranted in submitting the issues as to exemplary damages. From

the evidence before us there seems to have been a deliberate intention to commit injury amounting to actual malice. The facts before us, we feel, must be governed by what this court said concerning the submission to the jury of the issues of exemplary damages in Bogue v. Gunderson, supra, at pages 9 and 10 of 30 S. D., 137 N. W. 595. Leggett v. Dinneen, 40 S. D. 336, 167 N. W. 235; Powell v. Meiers, 54 N. D. 336, 209 N. W. 547.

During the trial appellant objected to the admission of evidence which respondent submitted for the purpose of showing that the appellant acted maliciously at the time of the alleged assault. We have carefully examined the record relating to the said various assignments and conclude that the evidence objected to tends to establish respondent's claim for punitive and exemplary damages and such evidence was admissible, and the court did not err in its ruling. Bogue v. Gunderson, supra; Leggett v. Dinneen, supra; Bartlett v. Bartlett, 40 S. D. 544, 168 N. W. 633; Shoemaker v. Sonju, 15 N. D. 518, 108 N. W. 42, 11 Ann. Cas. 1173; Powell v. Meiers, supra.

The evidence, while conflicting, seems to amply sustain the verdict in the sum of $750. We cannot say that the amount of $750 is at all excessive. The facts are such that the jury might well believe that the assault was well planned and that appellant was actuated by hatred or ill will toward the respondent.

The motion for new trial was supported by the affidavit of one Leon Benson, the matter in said affidavit purporting to minimize the injury received by respondent. This evidence contained in the affidavit was cumulative only. We are satisfied that the court did not abuse its discretion in denying a new trial on the ground of newly discovered evidence.

The trial court had all of the evidence before it, saw the witnesses, and was conversant with all of the facts in the case before it. It was therefore in a better position to pass upon the credibility of the testimony than we are, and we will therefore not disturb its rulings.

Other errors complained of have been carefully considered, and we find no prejudicial error existing in the record before us.

The order and judgment appealed from are affirmed.

ROBERTS, P. J., and POLLEY and RUDOLPH, JJ., concur.
CAMPBELL, J., not sitting.